THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAX LEVINE, Appellant.

Argued October 9, 1947; decided January 8, 1948.

*Samuel Bader* and *Harry G. Anderson* for appellant. I. Appellant was deprived of a fair trial as a result of the prejudicial statement by the prosecutor in his summation that appellant was " a man who has carried on this regular profession or trade of burglary." (*People* v. *Molineux,* 168 N. Y. 264; *People* v. *Zackowitz,* 254 N. Y. 192; *People* v. *Fielding,* 158 N. Y. 542; *Moore* v. *State,* 21 Tex. App. 666; *People* v. *Mull,* 167 N. Y. 247; *People* v. *Wolf,* 183 N. Y. 464; *People* v. *Manganaro,* 218 N. Y. 9; *People* v. *Esposito,* 224 N. Y. 370; *People* v. *Robinson,* 273 N. Y. 438; *Weiler* v. *United States,* 323 U. S. 606; *Bollenbach* v. *United States,* 326 U. S. 607; *People* v. *Moran,* 246 N. Y. 100.) II. The failure of the District Attorney to make a sufficient opening statement was in violation of appellant's rights. (*People* v. *Romano,* 279 N. Y. 392; *People* v. *McLaughlin,* 291 N. Y. 480; *People* v. *Vario,* 257 App. Div. 975; *People* v. *Wallens,* 297 N. Y. 57.)

· *James N. Gehrig, District Attorney* (*Philip Huntington* of counsel), for respondent. I. The opening statement of the District Attorney was sufficient. (*People* v. *Reilly,* 49 App. Div. 218, 164 N. Y. 600.) II. The remark of the District Attorney in summation should not be regarded as ground for reversal. (*People* v. *Pacelli,* 200 App. Div. 850, 233 N. Y. 592; *People* v. *Slover,* 232 N. Y. 264.)

Conway, J. The indictment upon which the defendant was tried, contained three counts. The first charged a burglary of the home of one Schlossberg at Long Beach. The second and third counts were for the burglary of another home in Long

Beach on the same day and the commission of petit larceny therein. The issues as to the breaking and entering of the homes and as to the identity of the offender were closely contested. Several errors are urged.

We shall first consider the failure of the District Attorney to open his case to the jury as required by subdivision 1 of section 388 of the Code of Criminal Procedure. That provides: '' The jury having been impaneled and sworn, the trial must proceed in the following order:

'' 1. The district attorney, or other counsel for the people, must open the case ''.

The record discloses that the Assistant District Attorney addressed the jury as follows:

'' Members of the Jury, in the past, over a period of years, I have established or had established a custom to waive opening in the presentation of a criminal case so that we could get right down to the meat of the case and have the witnesses take the stand so you could get the first hand information without any attempt on my part to tell you what we are going to prove and to try to color the testimony in advance. But unfortunately for that habit or custom, the highest Court of this State, the Court of Appeal, has ruled that when a prosecutor presents a criminal case he cannot waive opening.

'' And so the nearest way that I can come to that old custom of mine is to read to you the indictment, and I am going to ask you at the close of the case that after we have proven the allegations contained in this indictment you bring in a verdict of guilty.

'' The People of the State of New York against Max Levine, Defendant. The Grand Jury of the County of Nassau by this indictment accuse the defendant of the crime of Burglary in the Third Degree, committed as follow: The said defendant Max Levine, on or about the 30th day of August, 1945, at the City of Long Beach, County of Nassau and State of New York, broke and entered the dwelling house of one Ben Schlossberg, located at 143 Belmont Avenue, Long Beach, Nassau County, New York, with intent to commit therein the crime of Larceny.''

The Assistant District Attorney then read the second and third counts of the indictment together with the date upon which

the indictment was found and the name of the District Attorney signed thereto. That did not constitute an opening of the case within the meaning of section 388.

We had occasion to refer to this matter recently in *People* v. *Romano* (279 N. Y. 392, 395), where the District Attorney had been permitted to waive opening to the jury. We said " We cannot countenance this departure from long standardized forms of law in trials for felony. * * * While the reading of a detailed indictment might conceivably serve the purpose of an opening (cf. *People* v. *Reilly*, 49 App. Div. 218; 164 N. Y. 600), we are not disposed to encourage even that procedure." An examination of the record in *People* v. *Reilly* (*supra*) discloses that there there was a considerably detailed indictment. 'Here the indictment contained but the name of the crime charged and the date upon which and the place where it was alleged to have been committed. The People urge that this error is not properly presented by objection. We pointed out in *People* v. *McLaughlin* (291 N. Y. 480, 483) that section 388 directs that the District Attorney " ' *must* open the case ' " and that that requirement could not be waived even upon the consent of the defendant. In *People* v. *Bradner* (107 N. Y. 1, 4–5) we said: " If the record discloses upon its face that the court had no jurisdiction, or that the constitutional method of trial by jury was disregarded (*Cancemi's Case*, 18 N. Y. 128), or some other defect in the proceedings, which could not be waived or cured and is fundamental, it would, as we conceive, be the duty of an appellate tribunal to reverse the proceedings and conviction, although the question had not been formally raised in the court below, and was not presented by any ruling or exception on the trial." To the same effect is *People* v. *Miles* (289 N. Y. 360, 363, 364).

There is another matter urged upon us to which reference should be made. The defendant did not take the stand and did not put his character in issue. Nevertheless, the District Attorney in his summation said: " You are dealing with a man who has carried on this regular profession or trade of burglary." The attorney for the defendant objected to this prejudicial and unsupported statement of fact. Thereupon the court said: " The Court will cover both summations in the charge, and the

Court will cover that instruction in the charge." It is conceded that it was error for the court to fail promptly to rebuke the District Attorney and instruct the jury to disregard the statement. When the court came to charge the jury the promised instruction was not given. No reference was made to the incident. The court did say to the jury as to the summations of counsel that "in neither case, however, does that constitute evidence or proof of the fact." That was not sufficient to cure the error which had been committed in failing immediately to direct the jury to disregard the unwarranted statement of the District Attorney. Nevertheless, since the counsel for the defendant made no request to the court either to withdraw a juror or to give any instructions to the jury with reference to the objectionable allegation (*People* v. *Pindar*, 210 N. Y. 191, 196; *People* v. *Slover*, 232 N. Y. 264, 270), the error is not available to the defendant in this court.

The judgments should be reversed and a new trial ordered.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgments reversed, etc.