THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD GRAY, JOSEPH IPPOLITO, JOSEPH BLACHOWICZ and DONALD FRIED, Appellants.

Argued May 17, 1951; decided October 19, 1951.

*Charles J. McDonough* for appellants.
*Jack E. Gellman, District Attorney,* for respondent.

(1) As to the defendant Edward Gray: Judgments reversed and indictment dismissed upon the ground that the evidence is legally insufficient to warrant a finding of guilt beyond a reasonable doubt of the crime of conspiracy of which he was convicted. No opinion.

Concur: LOUGHRAN, Ch. J., DESMOND, DYE, FULD and FROESSEL, JJ. Dissenting: LEWIS and CONWAY, JJ., who dissent and vote for a new trial upon the ground that as against this defendant a prima facie case was established.

(2) As to the defendants Joseph Ippolito, Joseph Blachowicz and Donald Fried: Judgments reversed and a new trial ordered of the issue as to guilt of the crime of riot as charged in the first count of the indictment for the following reasons: (a) The trial court erred when it received evidence of independent assaults unrelated in time or place to the alleged riot or to the participation of the defendants therein; (b) that the receipt of evidence relating to the details of the so-called invasion or march through part of the Bell Aircraft plant on August 19, 1949, and that some of the invaders — persons other than these defendants — had been prosecuted for contempt for violation of the injunction order was erroneous, the prejudicial effect of which was not eliminated from the jurors' minds by the subsequent reversal by the trial court of its prior ruling as to admissibility, with direction that its effect be limited to credibility; (c) that since the indictment charged twenty-three defendants in two counts of the crimes of riot and conspiracy, the District Attorney in his opening of the case should have made some statement as to the part each of the individual defendants played in the alleged crimes (cf. *People* v. *Levine,* 297 N. Y. 144; Code Crim. Pro., § 388, subd. 1); and (d) that when the jury, following deliberation extending over a period of forty-five hours, reported to the court its inability to reach a verdict, the language used by the court in sending it back for further deliberation could very well have been interpreted by the jurors to mean that they were required to reach a verdict, which, under the circumstances, was prejudicial. (Cf. *People* v. *Sheldon,* 156 N. Y. 268.) No opinion.

Concur: LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ.