Milton A. Wiltse, J.
The defendant above named was convicted before the Honorable James Y. La Rue, City Judge of the City of Watertown, New York, and a jury, on charges relating to the unlawful practice of medicine and physiotherapy, as defined in the Education Law of the State of New York. Judgment of conviction was entered on January 28,1955 where-under the defendant was “ sentenced to be imprisoned in the Jefferson County Jail for thirty (30) days, and to pay a fine of $500.00, or be imprisoned in the Jefferson County Jail until such fine shall be paid, not exceeding an additional five hundred (500) days.”
Notice of appeal from said judgment of conviction was duly served by the defendant, and the said defendant was released, on the following day, from the custody of the sheriff of Jefferson County, upon an order signed by the Honorable Clarence F. Giles, Special County Judge, pending a decision upon this appeal.
The return filed in this matter indicates that the information charged a violation of subdivisions 4 and 6 of section 6501 of the Education Law, section 6502 of same, and paragraph a of subdivision 2 of section 6513 of the same law. The warrant issued upon the original apprehension of the defendant is not entirely specific, as to the subdivisions under which he was charged in the information. The return does not indicate specifically under which sections or subdivisions a verdict of guilty was returned by the jury.
Such discrepancies, if any, are not herein commented upon, nor are same determined, because of reasons hereinafter mentioned.
Neither did the information state that there was a “ holding out ” by the defendant to treat persons, under any of the forbidden acts in the statutes above referred to, for a consideration, *989 or a fee. Testimony adduced at the trial, as disclosed in the record of the court reporter, and made a part of the return, does state that a consideration, or fee, was paid to the defendant for treatments allegedly administered, and advice given, in violation of the above sections.
There was no motion to amend the information to conform to the proof. These things are merely mentioned, and are not passed upon here, but it does seem that serious questions, as to the conviction, could possibly be raised, and might, of necessity, in some circumstances, require a decision of the appellate court. The reason that they are not determined in the instant proceeding, is because of the fact that the record discloses that the prosecutor, in this case, failed or neglected to make an opening statement; and under the circumstances and the nature of the charge, that the above requires a reversal of the judgment of conviction. A motion to cause the return to be amended to show an alleged opening statement was made by the district attorney. Same was granted, although the authority to allow such amendment is problematical. The amendment to the return consisted of an affidavit by the Honorable City Judge, setting forth an alleged statement made by the prosecutor, which it is claimed consists of an opening statement. The words in said affidavit, claimed to be an opening statement, are as follows:
“ By Herman Arkin, Assistant Attorney General: I am representing the Attorney General’s Office. This type of case is different than the usual case where the City Prosecutor or District Attorney represents the People. By the provisions of law, the Attorney General is required to prosecute.” The only question determined in this decision, even though the other errors claimed to have been committed in the affidavit filed by counsel for the defendant may have occurred, and even though the other questions that have been heretofore mentioned might necessitate a reversal of the judgment of conviction, is that there was no opening statement by the prosecutor. Neither the return, the record of the court reporter, nor the amendment to the return reveals same. Under the law, it is believed that this alone is a fatal error, that requires a reversal of the judgment of conviction. (People v. McLaughlin, 291 N. Y. 480; People v. Benham, 160 N. Y. 402, 434; People v. Romano, 279 N. Y. 392, 395; People v. Levine, 297 N. Y. 144,147.)
Accordingly, the judgment of conviction is reversed, the fine remitted, the defendant discharged, and the bail exonerated.
An order conforming to the above may be entered.