THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LEONARD ANTHONY WADE, Appellant.

Third Department, December 29, 1970.

*Ronald W. Bullock* for appellant.

*Patrick J. Joyce, District Attorney (James F. Taylor* of counsel), for respondent.

Cooke, J. This is an appeal from a judgment of the County Court of Chenango County, rendered February 16, 1970, upon a verdict convicting defendant of the crimes of arson in the second degree, burglary in the second degree, grand larceny in the third degree and possession of weapons and dangerous instruments and appliances. There was proof that these crimes were committed at Rappaport's Army and Navy Store in the City of Norwich on September 6, 1969.

Defendant contends that the court, at the conclusion of the *Huntley* hearing, should have held the confession involuntary and inadmissible. On September 13, 1969 he was arraigned in the Binghamton City Court on an information charging possession in said city of a dangerous weapon in violation of subdivision 2 of section 265.05 of the Penal Law and, on defendant's request, the Public Defender was assigned to represent him. On September 16 and, possibly, on the day before, defendant was interrogated, while in the Broome County Jail and without any *Miranda* warnings, concerning the Norwich crimes but he made no incriminating statements. Defendant testified that he told one of the officers that he desired an attorney but they stated that he wanted one in connection with the Binghamton case and not in regard to the crimes they were investigating. On September 17 three police officers, two of whom had questioned defendant previously, arrested him at the Broome County Jail and took him to the State Police barracks at Sidney. Having been given the *Miranda* warnings and having stated that he did not want counsel, he signed a statement implicating himself in the crimes charged.

While the contention has been rejected that the *Miranda* holding is applicable only to questioning one who is "in custody" in connection with the very case under investigation (*Mathis* v. *United States,* 391 U. S. 1), the undisputed testimony that no incriminating statements were made at the Broome County Jail indicates that the failure was harmless. Once an attorney enters the proceedings, the police may not question the defendant in the absence of counsel unless there is an affirmative waiver, in the presence of the attorney, of the defendant's right to counsel (*People* v. *Arthur,* 22 N Y 2d 325, 329; *People* v. *Donovan,* 13 N Y 2d 148), but this rule proscribes further questioning of an accused in the absence of counsel only after the police learn that an attorney has entered the proceeding in connection with

the charges under investigation (*People* v. *Hetherington*, 27 N Y 2d 242). Appellant's argument that the taking of the confession after the Binghamton arraignment rendered it inadmissible is meritless, since the mere fact that a defendant has been arraigned on one charge does not prevent law enforcement officials from interrogating him, in the absence of an attorney, about another and different crime, upon which he has not been arraigned or indicted, so long as the arraignment was not a pretext for holding the defendant in connection with the investigation of the other crime (*People* v. *Stanley*, 15 N Y 2d 30, 33).

It was not error to deny defendant's motion to dismiss the fourth count of the indictment on the ground that the District Attorney did not mention in his opening the taking of ammunition. No prejudice in this regard is asserted or shown by appellant. The defendant had been informed of the elements of the crimes charged by the indictment itself which, contrary to the situation in civil cases, was clothed with a presumption that it was based on legal and sufficient evidence (*People* v. *Howell*, 3 N Y 2d 672, 675). Section 388 of the Code of Criminal Procedure states that the District Attorney must open the case but does not specify that each and every element of the crime charged or of the evidence to be submitted be mentioned at said juncture. The District Attorney outlines to the jurors the things he intends to prove by the evidence he will thereafter submit, so that they may better understand and appreciate the connection and bearing of the evidence upon the case (*People* v. *Benham*, 160 N. Y. 402, 434; *People* v. *Rivara*, 33 A D 2d 567; Black, How to Conduct a Criminal Case [3d ed.], p. 335), said purpose having been fulfilled here. Defendant's counsel could have opened following the opening by the District Attorney and the Trial Judge did not err in refusing to allow defendant to open later in the trial (cf. *People* v. *Ferrone*, 204 N. Y. 551, 555).

Attorney Carter was assigned to represent defendant and visited him in the Chenango County Jail, the relationship covering only a brief time. He also represented at one time Jones, an alleged accomplice who testified for the prosecution. The point that Jones' testimony should have been excluded is without basis, since there is no proof of the discussion between defendant and Carter or of any violation of the attorney-client privilege (see CPLR 4503). Jones gave to police a written statement, prior to the seeing of Carter by either, and his testimony did not deviate in any material aspect from the version related in the statement.

Any possible error in the District Attorney's comments that the defendant could remain silent and that the confession was

admissible was overcome by the charge. Although it was improper for the prosecutor to in effect state that he believed that defendant was guilty, to which defense counsel did not object or request an instruction, it was not in the circumstances sufficiently prejudicial to warrant a new trial in the interests of justice (Code Crim. Pro., §§ 527, 542).

The remaining issues raised by defendant are without merit. The judgment should be affirmed.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and SWEENEY, JJ., concur.

Judgment affirmed.