**Leonard A. WADE, Petitioner,**

**v.**

**V. R. MANCUSI, Respondent.**

Civ. 1971–565.

United States District Court,
W. D. New York.

May 15, 1973.

———◆———

Henrietta M. Wolfgang, The Legal Aid Bureau of Buffalo, Inc., Buffalo, N. Y. (Daniel J. Weinstein, Buffalo, N. Y., of counsel), for petitioner.

Louis J. Lefkowitz, Atty. Gen. of State of New York (Bedros Odian, Buffalo, N. Y., of counsel), for respondent.

CURTIN, District Judge.

After a jury trial in Chenango County Court in 1970, petitioner Leonard A. Wade was convicted of having com-
mitted in the City of Norwich the crimes of arson in the second degree, burglary in the second degree, grand larceny in the third degree and possession of weapons and dangerous instruments and appliances. His conviction was affirmed by the Supreme Court, Appellate Division, Third Department, People v. Wade, 35 App.Div.2d 401, 317 N.Y.S.2d 122 (1970), and leave to appeal to the Court of Appeals was denied. There followed the instant petition for a writ of habeas corpus, in which one of the claims raised is that a written confession introduced into evidence against petitioner at his trial was obtained in violation of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Prior to petitioner's trial, the County Court judge conducted a hearing in accordance with Section 813–g of the former New York Code of Criminal Procedure in order to determine the admissibility of the aforementioned confession as evidence at trial. At the conclusion of the hearing, the judge made no findings of fact but concluded that "beyond a reasonable doubt . . . the statements made by [petitioner] . . . were made voluntarily and without fear of [sic] promise or threat on the part of the prosecutor or the investigators toward or to petitioner." Tr. 21.[1]

The opinion of the Appellate Division does, however, contain a chronology of the events leading up to petitioner's confession presumably gleaned from the transcript of the hearing and trial which has been made available to this court. In pertinent part, the chronology reads as follows:

On September 13, 1969 [petitioner] was arraigned in the Binghamton City Court on an information charging possession in said city of a dangerous weapon in violation of subdivision 2 of section 265.05 of the Penal Law and, on [petitioner's] request, the Public Defender was assigned to represent

———

1. References are to the transcript of the hearing and trial.

him. On September 16 and, possibly, on the day before, [petitioner] was interrogated, while in the Broome County Jail and without any *Miranda* warnings, concerning the Norwich crimes but he made no incriminating statements. [Petitioner] testified that he told one of the officers that he desired an attorney but they stated he wanted one in connection with the Binghamton case and not in regard to the crimes they were investigating. On September 17 three police officers, two of whom had questioned defendant previously, arrested him at the Broome County Jail and took him to the State Police barracks at Sidney. Having been given the *Miranda* warnings and having stated that he did not want counsel, he signed a statement implicating himself in the crimes charged. 35 App.Div.2d at 402; 317 N.Y.S.2d at 124.

The opinion later reiterates that "the undisputed testimony [is] that no incriminating statements were made at the Broome County Jail. . . ." *Ibid.*

In this court's reading, however, the transcript does not contain "undisputed testimony" that no confession was made prior to petitioner's receipt of the *Miranda* warnings. On the contrary, it contains "undisputed testimony" that petitioner made an oral confession at the Broome County Jail on September 17 before being transported to the State Police barracks at Sidney and before receiving the *Miranda* warnings for the first time.[2]

2. When asked by this court, counsel for petitioner and respondent each indicated that the transcript reveals this fact and that no evidentiary hearing is required.

3. The substance of Officer McElligott's testimony was repeated at trial as follows:

> Sgt. Liberatore, Investigator Herring and myself went back on September 17th with a warrant. We went into the Broome County Jail, they released him to us—there was no conversation at the time—he said directly to Herring and myself—he said, "I set both of those fires."
>
> *     *     *     *     *
>
> We went out to the car—Leonard apparently had had a change of heart—as

One of the investigating officers, Jerome B. McElligott, who was present at each interrogation of petitioner, testified as follows at the pretrial hearing:

> The three of us went into the Broome County Jail through the gates. As soon as [petitioner] came down, Marvin Herring lead [sic] him out; Liberatore and I followed him. The first thing he said, "I set both of those fires."
>
> "Apparently" I said, "you have had a change of heart from your attitude yesterday." He said, "yes, I want to talk to you about the fires; I want to tell you about them," when he got into the car.
>
> Tr. 19.[3]

In light of the foregoing facts, petitioner's conviction cannot be permitted to stand. As the opinion of the Appellate Division recognized, it was required under Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968), that petitioner be given the *Miranda* warnings prior to his interrogation even though he was in custody in connection with a crime entirely separate from the one under investigation. Yet no warnings were given petitioner until after his oral confession, and consequently his subsequent written confession should have been held to be inadmissible at trial under *Miranda.* See Fisher v. Scafati, 439 F.2d 307, 311 (1st Cir.), vacated on other grounds, 403 U.S. 939, 91 S.Ct. 2256, 29 L.Ed.2d 719 (1971).[4]

> soon as we got in the car, he said, "yes, I want to tell you about this." We informed him of his rights—his right to remain silent—anything he says can and will be used against him in a criminal action—right to have a lawyer. Tr. 84–85.

4. Even if no oral confession had been made by petitioner prior to his receipt of the *Miranda* warnings, it is possible that his written confession was the product of the earlier unconstitutional interrogation and therefore inadmissible. See Westover v. United States, 384 U.S. 436, 494–497, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (a companion case to Miranda); United States v. Knight, 395 F.2d 971, 973–975

Both counsel having agreed with the court at oral argument that the admission of petitioner's written confession as evidence at his trial did not constitute harmless error under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705 (1967), and Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), it is hereby ordered that petitioner be discharged unless he is timely retried without the use of unconstitutionally obtained evidence.

So ordered.

(2d Cir. 1968), cert. denied. 395 U.S. 930, 89 S.Ct. 1776, 23 L.Ed.2d 249 (1969).

An evidentiary hearing would perhaps be necessary to determine this issue.