aggravate these omissions at the trial by failing to cross-examine the prosecution's eyewitnesses on the issue of possible taint. In addition to these omissions, it appears that assigned counsel neglected to order a copy of the minutes of the preliminary hearing, and that he neglected further to peruse the court file, despite the fact that prior counsel had been involved in the case. Had he undertaken this last perfunctory precaution, he would have been aware of the fact that defendant had made an incriminating statement subsequent to his arrest. Finally, it appears from the trial transcript that counsel was more concerned with impending litigation in the Federal courts than in according this defendant the best possible representation which the facts of the case would allow. As the Court of Appeals has recently stated: "It is impossible to precisely define 'inadequate' or 'ineffective' legal representation or 'to formulate standards which will apply to all cases' *(People v Bennett,* 29 NY2d 462, 466). However it is elementary that the right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense *(People v Bennett, supra)* and who is familiar with, and able to employ at trial basic principles of criminal law and procedure *(People v LaBree,* 34 NY2d 257; cf. *People v Jones,* 25 NY2d 637). Whether counsel has adequately performed these functions is necessarily a question of degree, in which cumulative errors particularly on basic points essential to the defense, are often found to be determinative (see, e.g., *People v Bennett, supra; People v LaBree, supra)" (People v Droz, supra,* p 462). Here, the operative facts, taken cumulatively, mandate a new trial. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON A. SINGLETON, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 2, 1973, convicting him of reckless endangerment in the first degree and possession of a weapon, as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed (see *People v Wade,* 35 AD2d 401; *People v R,* 36 AD2d 546). The sentences imposed were proper under the circumstances of this case. Martuscello, Acting P. J., Latham, Hawkins and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD TERRELL, Also Known as RONALD TERELL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 21, 1974, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and criminally possessing a hypodermic instrument, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal possession of a controlled substance in the third and seventh degrees, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Defendant correctly contends, and the People concede, that the two counts charging possession of a controlled substance are inclusory concurrent counts, as defined by CPL 300.30 (subd 4), of criminal sale of a controlled substance in the third degree and, as such, should have been dismissed upon defendant's conviction of the latter crime (see CPL 300.40, subd 3, par [b]; *People v Lee,* 39 NY2d 388). We have considered defendant's other contentions and find them to be without merit. Rabin, Acting P. J., Shapiro, Titone and Suozzi, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD YOUNG, Appellant.—Appeal by defendant from a judgment of the Supreme