THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FRANK COPPA, Respondent.

Second Department, May 2, 1977

*Eugene Gold, District Attorney (Peter A. Norling* of counsel), for appellant.

*Paul A. Lemole* for respondent.

SHAPIRO, J. The People appeal from an order of the Supreme Court, Kings County, dated August 17, 1976, granting the defendant-respondent's motion to dismiss the indictment because of the prosecutor's alleged failure, in his opening statement to the jury, to state a prima facie case. We dismiss the appeal.

The defendant was charged in the indictment with two counts of grand larceny in the second degree. Upon the trial the prosecutor's opening consisted of a reading of the indictment and a short statement of what he intended to prove. When he had concluded his opening, the defendant moved to dismiss the indictment on the ground that the opening had not made out a case of grand larceny.

In answer, the court said that it found deficiencies in the opening and indicated that it was inclined to grant the defendant's motion. The prosecutor then moved to be permitted to add to his opening statement. The motion was denied. Thereupon this colloquy ensued between the court and the defendant and his counsel:

"THE COURT: Gentlemen, after what I considered to be long and harried discussions on the issue here as to the right of the defendant to have this indictment dismissed, based upon the failure of the opening statement to recite a prima facie case, and after much soul searching as far as the Court is concerned, I am convinced that the motion should be granted.

"I find that the opening statement is completely devoid of reciting any criminal act, or promised the proof of any criminal act to the jury on the part of this defendant. I feel that would impose, together with all the other problems which preceeded *[sic]* the rendering of the opening statement with

respect to the theory upon which the case would proceed to prove the larceny in this case.

"Taking the totality of the circumstances, I am granting the motion.

"However, I want it clearly understood that it is the intention of this Court that the motion should be taken as being granted and that this Order dismissing this indictment is being rendered under all and any appropriate sections of the law which permits me to render such a decision and attempts to preserve the District Attorney's right to appeal from this Order.

"Also, I take it that it has been made known in an in-camera conference, which was not on the record, but I now put this portion of the in-camera proceeding on the record, that I clearly also do not wish to avail to the defendant the right or any claim to double jeopardy should this indictment be returned in its present form for trial.

"Should an appellate court decide that I have made error in granting this motion, and I understand Mr. Lemole that you have agreed in chambers that you and the defendant, I assume you were speaking for the defendant, would stipulate that you will not avail yourself of the defense of double jeopardy should this case—

"MR. LEMOLE [defense counsel]: That's correct and so stipulated by counsel and defendant.

"THE COURT: Would the defendant say so? "THE DEFENDANT: Yes."

The order signed by the Trial Judge reads:

"Upon motion of the defendant to dismiss the within indictment for the failure of the People in their opening address to the jury to state a *prima facie* case and pursuant to C.P.L. Secs. 210.20 (1) (h) and (i), it is hereby

"ORDERED that the motion be granted and the within indictment be dismissed."

Since the right of the People to appeal is purely statutory (CPL 450.20; *People v Zerillo,* 200 NY 443), unless we can find statutory authority for this appeal we must dismiss it, regardless of the fact that the result does violence to our concepts of fairness.

In arguing against the defendant's motion to dismiss the indictment, the Assistant District Attorney said: "I would like to bring to the Court's attention that it is the People's position

that an appeal from such an order would not lie, that such an order is not cognizable under the C.P.L. There is no provision for the appeal from such an order, and, therefore, since there's no relief for the People and since, on the other hand, if your Honor's ruling is adverse to the defendant, he does have the right to appeal, we submit that if there is any question as to the merits, you should rule in favor of the People."

The Assistant District Attorney was correct on both grounds for (1) the order is not appealable and (2) the question of doubt as to the law should have been resolved in favor of the People (see *People v Reed,* 276 NY 5).

The provisions of paragraphs (h) and (i) of subdivision 1 of CPL 210.20, which the court cited in its order as the basis for the dismissal of the indictment, are completely inapplicable to the factual situation with which it was presented.

Paragraph (h) authorizes a dismissal only when "[t]here exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged" (that is, other than the specific grounds listed in the preceding paragraphs of subdivision 1, none of which are applicable here). That such "jurisdictional or legal impediment" must be substantial is made clear by the fact that, under subdivision 4 of CPL 210.20, *a dismissal under that paragraph bars a resubmission of the charge to the Grand Jury.* Clearly, the Legislature did not intend to provide such a final and drastic consequence, "the supreme sanction" *(People v Pinion,* 56 AD2d 664), upon the failure of the prosecutor to make an adequate opening statement to the jury. At most, it was intended that such an omission should be remedied by allowing the prosecutor to correct the omission. In this case, as we have noted, the prosecutor specifically asked that he be permitted to amplify his opening statement.*

---

* In *People v Wade* (35 AD2d 401, 403) Mr. Justice COOKE, speaking for a unanimous court, said: "It was not error to deny defendant's motion to dismiss the fourth count of the indictment on the ground that the District Attorney did not mention in his opening the taking of ammunition. No prejudice in this regard is asserted or shown by appellant. The defendant had been informed of the elements of the crimes charged by the indictment itself which, contrary to the situation in civil cases, was clothed with a presumption that it was based on legal and sufficient evidence *(People v. Howell,* 3 N Y 2d 672, 675). Section 388 of the Code of Criminal Procedure states that the District Attorney must open the case but does not specify that each and every element of the crime charged or of the evidence to be submitted be mentioned at said juncture. The District Attorney outlines to the jurors the things he intends to prove by the evidence he will thereafter submit, so that they may better understand and appreciate the connection and bearing of the evidence upon the case *(People v.*

Paragraph (i) of subdivision 1 of CPL 210.20, cited by the trial court as an alternative ground for its action, provides for the dismissal of an indictment after arraignment where it "is required in the interest of justice, pursuant to section 210.40." Subdivision 1 of the latter section is a catch-all provision which authorizes the dismissal of an indictment *"when, even though there may be no basis for dismissal as a matter of law* upon any ground specified in paragraphs (a) through (h) of said subdivision one of section 210.20, such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment * * * would constitute or result in injustice" (emphasis supplied). It is clear that the alleged defect in the prosecutor's opening to the jury fails to meet that test. That section only applies when "there may be no basis for dismissal as a matter of law", i.e., when the defendant, despite his apparent guilt, shows that for some reason of compassion he should not be prosecuted. Conversely the dismissal here was not based upon the exercise of "judicial discretion", but upon the ground that the failure of the People to make an adequate opening warranted the dismissal as a matter of law (cf. *People v Clayton,* 41 AD2d 204).

It is unfortunate that, by reason of the precipitous action of the trial court, the People will not have an opportunity to have the indictment tried on its merits, since there is no jurisdiction in this court to entertain the appeal and a resubmission of the matter to the Grand Jury is precluded by subdivision 4 of CPL 210.20. The result necessitated here should act as a warning to Trial Judges in criminal cases that the rule enunciated in *People v Reed* (276 NY 5, *supra)* is still the law and should be followed. In that case the court said (pp 9-10):

"While the defendant under our criminal procedure is entitled to the benefit of every reasonable doubt on the facts, the People should be entitled to any reasonable doubt a trial judge may have upon the law for, if he makes a mistake on the law, the People have no opportunity or method of reviewing his ruling, as strange as it may seem to us in this enlightened

*Benham,* 160 N. Y. 402, 434; *People v. Rivara,* 33 A D 2d 567; Black, How to Conduct a Criminal Case [3d ed.], p. 335), said purpose having been fulfilled here."

day. The defendant, for a wrong ruling, may always appeal the case for review to a higher court; the People have no such privilege, except as hereinafter stated. The trial justices in criminal cases, therefore, should bear this in mind when ruling upon points of law. * * *

"The court apparently overlooked the powers of appellate courts under our system of law—both the Appellate Division and the Court of Appeals—to clarify any doubts about the law that may exist in the minds of trial judges. The appellate courts, unfortunately, by the granting of these motions, are barred from review by our anomalous procedure * * * Even though the judge was in error in these conclusions what can the appellate courts do about it? Apparently nothing, for reasons which we shall explain."

The appeal should be dismissed for want of jurisdiction to entertain it.

O'CONNOR, J. (dissenting). The instant appeal is reviewable by this court pursuant to subdivision 1 of CPL 450.20, which authorizes appeals from orders of dismissal entered pursuant to CPL 210.20. When Criminal Term dismissed the indictment in question, it acted within the scope of paragraph (h) of subdivision 1 of CPL 210.20. This court is, therefore, empowered to pass upon the merits of Criminal Term's action.

The respondent was indicted for the crime of grand larceny in the second degree (two counts). After the prosecution delivered its opening address, which included a reading of the indictment and a short statement of the evidence to be presented, and after the respondent waived all double jeopardy protections, the motion to dismiss was granted because of the failure of the prosecution to set forth a prima facie case. The instant appeal followed.

At the outset I wish to make it clear that Criminal Term was in error when it acted as it did. The opening was clearly sufficient. In substance, the opening informed the jury that the prosecutor intended to establish that the respondent had used a "scheme" to induce his victim to put up money for bonds which were never delivered, and to return certain notes which were meant to guarantee the delivery of the bonds. When one combines the reading of the indictment, which speaks in terms of a wrongful taking of currency and property, with the opening statement, it becomes clear that a larcenous intent was alleged. An opening statement is meant

to acquaint the jury and the defendant, in a general way, with the crime charged and to give a broad outline of the case for the prosecution. The opening statement here set out a prima facie case and served its informative function. The dismissal of the indictment was therefore improper. I also note that Criminal Term's refusal to allow the prosecution to give a further opening statement served no purposeful function whatsoever.

This court does not have the authority to correct Criminal Term's error and reinstate the indictment unless the order appealed from is reviewable under a specific provision of the CPL. CPL 210.20 provides, in part:

"1. After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that * * *

"(h) There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged".

Criminal Term acted within the scope of paragraph (h). It was convinced that a "legal impediment" existed because the prosecution had failed to meet the requirement of subdivision 3 of CPL 260.30, which mandates that "[t]he people *must* deliver an opening address to the jury" (emphasis supplied).

Criminal Term determined that the prosecution had failed to comply with this command because the opening address failed to set forth a prima facie case. The mandate of subdivision 3 of CPL 260.30 is not waivable *(People v Levine,* 297 NY 144) and, even if the respondent's guilt of the crime of grand larceny had been established beyond a reasonable doubt by the evidence introduced at the trial, the conviction would have been rendered valueless if the prosecutor had failed to satisfy the dictates of subdivision 3 of CPL 260.30 (see *People v Levine, supra;* cf. *People v Klein,* 7 NY2d 264). The conviction would inevitably have been reversed on appeal because the failure of the prosecution to properly open would have presented an insurmountable legal impediment to the conviction. Criminal Term therefore acted within the authority of paragraph (h) of subdivision 1 of CPL 210.20, and the order is appealable pursuant to subdivision 1 of CPL 450.20.

My learned brethren in the majority place great reliance upon the argument that the failure to adequately open is not a "legal impediment" because, under subdivision 4 of CPL 210.20, a dismissal based upon such a "legal impediment" bars a resubmission of the charge to the Grand Jury. They reason that the Legislature could not have intended to provide so

drastic a consequence as the result of such a simple error of omission as the failure to properly open.

This argument is founded upon the position that a failure to adequately open is of minimal importance. With this I am unable to agree. The prosecution's obligation to open is mandatory and cannot be waived by either side. Even if enough evidence is presented at a trial to support a conviction, the verdict will fall when the requirement of subdivision 3 of CPL 260.30 is not satisfied. A defendant's failure to raise an objection at the trial to the prosecution's failure to open does not waive this defect. The court in *People v Levine* (297 NY 144, 147, *supra)* quoted with approval the following language of *People v Bradner* (107 NY 1, 4-5): "If the record discloses upon its face that the court had no jurisdiction, or that the constitutional method of trial by jury was disregarded *(Cancemi's Case,* 18 N. Y. 128), or some other *defect in the proceedings, which* could not be waived or cured and *is fundamental,* it would, as we conceive, be the duty of an appellate tribunal to reverse the proceedings and conviction, although the question had not been formally raised in the court below, and was not presented by any ruling or exception on the trial" (emphasis supplied). Clearly, the failure to properly open is not an error to be easily overlooked.

It is also a serious error to read any significance into subdivision 4 of CPL 210.20, which bars a resubmission to the Grand Jury of an indictment dismissed pursuant to paragraph (h) of subdivision 1 of CPL 210.20, because what is before the court here is not an attack upon the sufficiency of the indictment, but an attack upon the adequacy of the opening statement to the jury. Resubmission has nothing to do with the question of the adequacy of an opening statement because it could not cure an inadequate opening. If the prosecutor's opening were inadequate because the evidence presented to the Grand Jury had been insufficient, the respondent's remedy would have been to make a motion to dismiss pursuant to paragraph (b) of subdivision 1 of CPL 210.20 and, in such an instance, resubmission is expressly provided for in subdivision 4 of CPL 210.20. The record indicates that, in fact, a motion to dismiss pursuant to paragraph (b) had been made and denied.

The majority finds it incredible that a failure to open bars resubmission to a Grand Jury. I find even more incredible the premise that a defendant charged with a felony can be saved from prosecution by an erroneous determination that there

had been a failure to properly open simply because the Legislature has failed to provide an avenue of review for such a determination. It is also worthy of note that the respondent obtained a favorable ruling on his motion solely because he voluntarily waived his double jeopardy protection (cf. *People v La Ruffa,* 37 NY2d 58). There is therefore no bar to a reinstatement of the indictment.

One of the purposes of an opening statement is to allow a defendant to make a motion "to dismiss the charge for insufficiency to constitute a crime" (see *People v Guest,* 53 AD2d 892, 894, dissenting memorandum of HOPKINS, J.). The majority is, in effect, negating this important right by stating that all doubts as to sufficiency should be resolved against the defendant. Certainly, any prosecutor worthy of the title will at least make a vague reference to a crime in his opening. It is better procedure to allow a defendant to challenge an opening before he is subjected to a potentially arduous and traumatic trial, than it is to be in the position of reversing an otherwise proper conviction solely because of a deficiency in the opening. Paragraph (h) of subdivision 1 of CPL 210.20 and subdivision 1 of CPL 450.20 provide the avenue for reviewing the adequacy of an opening at the outset of a trial. I therefore respectfully dissent and vote to reverse the order and reinstate the indictment.

RABIN, Acting P.J., and TITONE, J., concur with SHAPIRO, J.; O'CONNOR, J., dissents and votes to reverse the order and reinstate the indictment, with an opinion.

Appeal by the People from an order of the Supreme Court, Kings County, dated August 17, 1976, dismissed.