OPINION OF THE COURT
Jasen, J.
This appeal presents the issue whether constitutional or statutory double jeopardy provisions prohibit retrial after the trial court dismisses the accusatory instrument on the defendant’s own motion for the reason that the prosecutor failed to *383 make an adequate opening statement as required by CPL 260.30.
On March 2, 1979, the defendant was arrested and charged in a simplified traffic information with speeding and driving while intoxicated. (Vehicle and Traffic Law, §§ 1180, 1192.) On June 20, 1979, trial was held in City Court, City of Water-town. After the jury was selected and sworn, the prosecutor delivered his opening statement. Immediately thereafter, defense counsel moved to dismiss the information on the ground that the People’s opening statement was inadequate as a matter of law. After arguments were heard in chambers, the trial court reserved decision on the motion. Over the objection of the prosecutor, who offered to amplify any inadequacies in his opening, the trial continued at the behest of defense counsel. After one witness had testified, the trial was recessed for the afternoon. The following day, the prosecutor moved for permission to supplement his opening statement to the jury. Defense counsel objected to this motion on procedural grounds. Shortly thereafter, the trial court denied the prosecutor’s motion to supplement his opening and then dismissed the information on the ground that the prosecutor’s opening statement to the jury was insufficient as a matter of law.
On appeal, County Court, Jefferson County, reversed and remanded the case to City Court for a new trial. While County Court agreed with the trial court that the prosecutor’s opening statement was inadequate in that it failed to state any of the facts constituting the offenses which the prosecutor intended to prove, County Court disapproved of the procedure utilized by the trial court subsequent to the defendant’s motion to dismiss. The court stated that the trial court should have determined the motion before allowing the trial to continue and, upon deciding the prosecutor’s opening statement was inadequate, it should have permitted the prosecutor to supplement his opening to the jury. Finally, County Court rejected defendant’s contention that a reversal and new trial was barred by the doctrine of double jeopardy. The court held that retrial was not precluded as "it was the defendant’s motion that concluded the trial proceedings prior to an evidentiary determination on the merits.” There should be an affirmance.
 At the outset, we note our agreement with the determination reached by the courts below that the prosecutor’s opening statement was inadequate. CPL 260.30, which *384 sets forth the order of events in a criminal jury trial, provides that the "people must deliver an opening address to the jury.” (CPL 260.30, subd 3 [emphasis supplied].) This opening statement should be a capsulized version "of the evidence that [the prosecutor] expects to present, and the claim that he will make with reference thereto, to the end that the jury, upon listening to the evidence, may better understand and appreciate its connection and bearing upon the case.” (People v Benham, 160 NY 402, 434; see, also, People v Wade, 35 AD2d 401, 403; People v Oakley, 10 AD2d 457, 459, revd on other grounds 9 NY2d 656; see, generally, 3 Wharton’s Criminal Procedure, § 493; 23A CJS, Criminal Law, § 1085.) Moreover, we have held that the prosecutor’s opening statement can neither be waived (People v Levine, 297 NY 144, 147; People v McLaughlin, 291 NY 480, 483; but cf. People v Rivara, 33 AD2d 567), nor does the reading of a short indictment constitute an adequate opening to the jury (People v Levine, supra, at pp 146-147).
Although the Criminal Procedure Law does not specify the requisite contents of the prosecutor’s opening statement, at a minimum the prosecutor generally should set forth the nature of the charge against the accused and state briefly the facts he expects to prove, along with the evidence he plans to introduce in support of the same. (See People v Benham, 160 NY 402, 434, supra; People v Wade, 35 AD2d 401, 403, supra.) In this case, the opening statement merely consisted of a brief summary of the evidence to be introduced and a listing of the names of the witnesses who were to testify. The prosecutor failed in all respects to delineate the particular offenses with which the defendant was charged and how these charges were to be proven. Such an incomplete recitation simply fails to satisfy the statutory requirement that the prosecutor make an opening statement to the jury. (CPL 260.30, subd 3.) That is not to say that the prosecutor must reveal all the evidence he intends to offer during the trial, but certainly the jury should hear sufficient evidence to intelligently understand the nature of the case they have been chosen to decide.
We also are in agreement with County Court’s conclusion that the trial court erred in allowing the trial to proceed without first disposing of the defendant’s motion to dismiss. The trial court should have ruled on the motion and given the prosecutor the opportunity to correct the deficiency before *385 proceeding with trial. In failing to do so, the trial court abused its discretion.
Although heretofore we have not passed directly upon the propriety of a dismissal following an incomplete opening by the prosecutor, we have stated that "absent bad faith or undue prejudice, a trial will not be undone” simply because there was some defect in the prosecutor’s opening to the jury. (People v De Tore, 34 NY2d 199, 207, cert den 419 US 1025.) Moreover, although a trial court can no doubt direct acquittal based on the prosecutor’s opening statement, this should be done only upon an affirmative showing that the prosecutor is not entitled to a conviction because the charge cannot be sustained under any view of the evidence and then only after the prosecutor has been given an opportunity to correct the deficiency in his opening. (See People v Coppa, 57 AD2d 189, 192, revd on other grounds 45 NY2d 244; People v Handford, 40 AD2d 529.) Indeed, the overwhelming majority of courts faced with such motions to dismiss have adopted the view that they should be denied unless it clearly appears -from the opening statement that the defendant cannot be lawfully convicted and then only after the prosecutor has been made aware of the difficulty and fails or is otherwise unable to correct it. (See, e.g., Hanley v United States, 416 F2d 1160, cert den 397 US 910; United States v Dietrich, 126 F 676; Chatman v State, 164 Ind App 97; State v Gray, 423 SW2d 776 [Mo]; see, generally, Power of Trial Court to Dismiss Prosecution or Direct Acquittal on Basis of Prosecutor’s Opening Statement, Ann., 75 ALR3d 649.)
In this case, the prosecutor’s opening statement, although incomplete, did not contain any information that would indicate that the charges against the defendant could not be sustained, such as facts constituting a complete defense. (United States v Dietrich, 126 F 676, supra.) Rather, the only deficiency in the opening statement was that it did not adequately amplify the charges against defendant and the facts to be proven in support thereof. Moreover, before dismissing the information, the Trial Judge not only failed to inform the prosecutor of the nature of the defect in his opening, but denied him the opportunity to correct this deficiency before permitting the trial to go forward. As County Court concluded, such action was an abuse of discretion, contrary to law.
The better practice concerning such motions directed at the adequacy of the prosecutor’s opening statement would be *386 that a motion should be made immediately after the prosecutor has completed his opening to the jury. The trial court should then inform the prosecutor of the nature of the defect, if any, and afford him an opportunity to rectify it. If the prosecutor is unable to do so, then the motion to dismiss the accusatory instrument must be granted. Under no circumstances should the court allow the trial to proceed without first ruling on the motion. As mentioned earlier, it was the belated disposition of the motion which has created the difficulty in this case, a problem which should be avoided in all other cases. However, our analysis does not end here for now we must determine whether defendant’s retrial is prohibited by the doctrine of double jeopardy.
In this State, a defendant’s right not to be twice put in jeopardy for the same crime is protected by the double jeopardy clauses of the Federal and State Constitutions as well as by statutory double jeopardy provisions. (US Const, 5th Amdt; NY Const, art I, § 6; CPL 40.20.) Specifically, as the doctrine of double jeopardy has developed in New York in relation to midtrial dismissals, “reprosecution is permitted whenever a dismissal has been granted on motion by defendant, so long as the dismissal does not constitute an adjudication on the facts going to guilt or innocence [even where] dismissal occurs after jeopardy has attached.” (People v Key, 45 NY2d 111, 117.) Indeed, in its most recent excursion into the double jeopardy area, the Supreme Court has implicitly approved of this approach. (See Burks v United States, 437 US 1; Greene v Massey, 437 US 19; Sanabria v United States, 437 US 54; United States v Scott, 437 US 82; see, also, Swisher v Brady, 438 US 204.) As presently constituted under this recent line of cases, the doctrine distinguishes between trial orders terminating the trial in the defendant’s favor prior to any determination of guilt or innocence and those orders which terminate the trial based on evidentiary insufficiency. (Burks v United States, supra, at pp 14-18; United States v Scott, supra, at pp 94-99.) Because a dismissal based on insufficient evidence is tantamount to an acquittal, reprosecution is precluded in the latter category of cases. (See, e.g., People v Mayo, 48 NY2d 245.) Retrial of cases falling within the former category of dismissals, however, is permissible because “the defendant, by deliberately choosing to seek termination of the proceeding against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cogniza *387 ble under the Double Jeopardy Clause”. (United States v Scott, supra, at pp 98-99; cf. People v Bartley, 47 NY2d 965.)
In the case before us, the trial court dismissed the action on defendant’s motion solely because of the insufficiency of the prosecutor’s opening statement. As mentioned earlier, this dismissal was not premised on any evidentiary determination that the People were not entitled to a conviction or that the prosecutor had acted in bad faith by deliberately delivering an incomplete opening in order to terminate the trial over defendant’s objection. (Cf. Illinois v Somerville, 410 US 458; Hall v Potoker, 49 NY2d 501; People v Michael, 48 NY2d 1.) Rather, dismissal here was the result of the trial court’s misconception of the requirements of CPL 260.30 (subd 3) and occurred without any evaluation on the trial court’s part as to the factual elements of the offenses with which defendant was charged.[1] Inasmuch as this dismissal, erroneous as it was, in no sense resembles an acquittal of the defendant and indeed appears functionally indistinguishable from the declaration of a mistrial (see Lee v United States, 432 US 23, 31), retrial of defendant is prohibited neither by the double jeopardy clauses of the State and Federal Constitutions nor by the statutory double jeopardy provisions.
This is not to say that retrial will be permitted in every case whenever the trial terminates on the defendant’s motion based on the inadequacy of the prosecutor’s opening statement. Where, for instance, the prosecutor in his opening statement clearly and deliberately admits a fact which defeats all possibility for conviction and the case is then dismissed, retrial on the same charge would be forbidden because there has been a determination involving the factual innocence of the accused.[2] Since here there was no such determination in *388 the prior trial, the doctrine of double jeopardy does not prohibit the People from again trying defendant for the offenses with which he is charged.
Accordingly, the order of the County Court, Jefferson County, should be affirmed.

. Unlike the dissent, we place no reliance on the trial court’s characterization of the dismissal herein. Whatever the trial court may have envisioned with respect to the possibility of reprosecution is irrelevant for as our decision in People v Key (45 NY2d 111, 119, supra) clearly states: "[A] Trial Judge’s interpretations of the double jeopardy clause should not determine whether appeal and retrial are permissible. It is the nature of the order, and not the Trial Judge’s views on double jeopardy, that should govern.”

. Such a dismissal would indeed be rare. As one commentary has pointed out, "if the prosecutor, defense counsel, and the court discharge their pretrial discovery responsibilities, it would appear next to impossible for a case to come to trial in which the prosecutor might be forced to admit, in his opening statement, the truth of a fact which constitutes a complete defense.” (Power of Trial Court to Dismiss Prosecution or Direct Acquittal on Basis of Prosecutor’s Opening Statement, Ann., 75 ALR3d 649, 656.)