■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE LEWIS, Appellant. [709 NYS2d 268] —Judgment unanimously affirmed. Memorandum: The conviction of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal sale of a controlled substance in the seventh degree (Penal Law § 220.03) is supported by legally sufficient evidence, and the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Because defendant did not move to dismiss the indictment at the close of the prosecutor's opening statement, his contention that the statement was insufficient has not been preserved for our review (*see*, CPL 470.05 [2]). In any event, "[t]he well-settled rule in criminal jury cases * * * is that a trial court may not dismiss after opening unless it shall appear from the statement that the charge cannot be sustained under any view of the evidence and it may dismiss then only after the prosecutor has been given an opportunity to correct any deficiency (*see, People v Kurtz*, 51 NY2d 380, 385)" (*Matter of Timothy L.*,

71 NY2d 835, 838). Defendant's contention that there were two sales charged in a single count and thus that the count is duplicitous pursuant to *People v Keindl* (68 NY2d 410, 417-418, *rearg denied* 69 NY2d 823) lacks merit. There was a single sale of six bags of cocaine for a single price. We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Hayes, Kehoe and Lawton, JJ.