OPINION OF THE COURT
David Otis Fuller, Jr., J.
Carol Trester is charged with falsely reporting an incident in the second degree (Penal Law § 240.55 [3]) (child abuse or maltreatment), concerning her son. She seeks dismissal of the information based on due process grounds, apparently under CPL 170.30 (1) (f).
Defendant first asserts that the District Attorney should not have used a subpoena duces tecum instead of a verification to obtain sealed records of the State Central Register of Child Abuse and Maltreatment to prosecute the charge. Social Services Law § 422 (5) provides the means for the District Attorney to obtain the records, as follows:
“Unless an investigation of a report conducted pursuant to this title or subdivision (c) of section 45.07 of the mental hygiene law determines that there is some credible evidence of the alleged abuse or maltreatment, all information identifying the subjects of the report and other persons named in the report shall be legally sealed forthwith by the central register and any local child protective services or the state agency which investigated the report. Such unfounded reports may only be unsealed and made available * * *
“(v) to a district attorney, an assistant district attorney, an investigator employed in the office of a district attorney, or to a sworn officer of the division of state police, of a city, county, town or village police department or of a county sheriff’s office when such official verifies that the report is necessary to conduct an active investigation or prosecution of a violation of subdivision three of section 240.55 of the penal law.” (Emphasis added.)
The issue raised by the defendant is whether the issuance of a subpoena duces tecum satisfies the statutory provision for verification. What “verifies” requires is not spelled out in the statute, but it usually means “swears to.” A subpoena duces tecum is not under oath, but its issuance serves as a dec *48 laration. that the information sought is necessary to the investigation or prosecution of a matter. If it were issued unnecessarily, the District Attorney or the assistant involved could be disciplined as with any other abuse of authority. While this is not the same as a penalty for perjury, it does provide a sanction. Adding the sanction to the contents of the subpoena duces tecum in question with its reference to the Social Services Law, specific statement as to what is demanded, and request for certification, it would appear that there is substantial compliance with whatever is required for the verification.
In any event, the dismissal of the information sought by the defendant is too drastic a remedy if a subpoena duces tecum were wrongfully used in place of a verification. That the District Attorney has the authority to obtain the records is not in question. The only question is whether she has satisfied the statutory requirement. The verification is not mandated by the Constitution. If the District Attorney’s action were not in accord with the statute, she would be permitted to correct it. (See People v Kurtz, 51 NY2d 380, cert denied 451 US 911.)
Defendant also claims a breach of the physician-patient privilege. She challenges the use of information obtained by the District Attorney from a privileged conversation despite the waiver of the privilege by Craig T. Trester, the father. Since she was the one consulting with the physician, she argues that her waiver of the privilege was needed as well. In People v Gearhart (148 Misc 2d 249 [Nassau County Ct 1990]), the court explained that in child abuse prosecutions, the physician-patient privilege under CPLR 4504 (a) is precluded by the requirement of reporting suspected incidents of child abuse found in Social Services Law §§ 413 and 415. Otherwise privileged information may be obtained in the public interest to investigate alleged child abuse. The same should be true with the false report of child abuse alleged here.
The motion to dismiss is denied.