■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RAMOS, Appellant. [738 NYS2d 847] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered December 21, 1999, convicting defendant, after a jury trial, of attempted murder in the second degree, and sentencing him to a term of eight years, unanimously affirmed.

Defendant's ineffective assistance claim involves matters of strategy; thus, a CPL article 440 motion in order to expand the record would have been appropriate (see, People v Love, 57 NY2d 998). When the trial was commenced, all parties assumed that the victim would not be available to testify, and that the People's case would be entirely circumstantial. However, the victim became available in the midst of trial. Defendant's principal complaint against his trial counsel is that after this surprising development, he did not request a mistrial or a mid-trial continuance to prepare a new strategy. However, the record does not establish that counsel had any reason to ask for such relief. Counsel presented a cogent justification defense including the testimony of defendant and a defense witness. Counsel's voir dire of the jury and his opening statement did not preclude submission of a justification defense. To the extent that the existing record permits review, we find that defendant received meaningful representation (see, People v Benevento, 91 NY2d 708, 713-714). Counsel thoroughly cross-examined the victim and argued forcefully, if unsuccessfully, in support of defendant's justification defense. There is no reason to believe that a request for a mistrial or continuance would have been successful or, if successful, significantly advantageous. Counsel's failure to challenge the sufficiency of the People's opening statement did not constitute ineffectiveness. The People's opening was legally sufficient. However, were any objection to the opening valid, it would have likely led only to a supplemental opening statement (see, People v Kurtz, 51 NY2d 380, 384-386, cert denied 451 US 911).

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal, particularly in light of the court's appropriate curative actions. Concur—Tom, J.P., Mazzarelli, Rosenberger, Wallach and Marlow, JJ.