OPINION OF THE COURT
Richard Lee Price, J.
Defendant moves to dismiss the accusatory instruments *247 against him pursuant to CPL 40.10, 40.20 and 40.30, on grounds that the People failed to effectuate a proper reduction of charges, and that such failure entitled him to a jury trial. For the reasons stated below, defendant’s motion is denied.
I. Background and Procedural History
Defendant v/as charged by criminal court complaint (case No. 08756C-11) with assault in the third degree (Penal Law § 120.00 [1]), a class A misdemeanor, menacing in the third degree (Penal Law § 120.15), a class B misdemeanor, and harassment in the second degree (Penal Law § 240.26 [1]), a violation, all relating to an incident alleged to have occurred on February 13, 2011, in front of 3150 Roberts Avenue (Bronx County).
Defendant was further charged by criminal court complaint (case No. 32183C-11) with criminal contempt in the second degree (Penal Law § 215.50 [3]), a class A misdemeanor, and harassment in the second degree (Penal Law § 240.26 [1]), in connection with an incident on May 25, 2011, also alleged to have occurred in front of 3150 Roberts Avenue, involving the same complaining witness.
On March 21, 2012, these cases were consolidated for the purpose of trial and administratively transferred to this court from Part M3, Justice Gross, for trial. Several pretrial issues were raised necessitating an adjournment until March 27, 2012. A second adjournment was granted until March 30, 2012.
On March 30, 2012, this court commenced a nonjury trial under the mistaken belief that the People had previously moved to reduce the assault and criminal contempt charges to attempted assault and attempted criminal contempt, respectively, rendering them class B misdemeanors.[1]
*248 After hearing opening statements and receiving the testimony of the People’s first witness, this court discovered that these charges had not been reduced.[2] Upon expressing this to the parties, the People immediately sought to do so. Defense counsel objected and moved to dismiss, arguing that it was precluded by double jeopardy having attached. This court reserved decision, and directed the parties to file papers on this issue by April 2, 2012.
On April 2, 2012, this court received memoranda of law from both parties via facsimile transmission. Upon reviewing them, this court denied defendant’s motion. Unbeknown to this court, however, the parties neglected to serve each other. Defense counsel then sought leave to file a reply to the People’s memorandum, which this court granted. Counsel then elected to verbally reply. After vacating its initial denial, this court heard oral argument by both parties. By decision and order dated April 19, 2012, this court denied defendant’s motion. The trial was then adjourned until April 23, 2012. This expands that decision.
II. Discussion
CPL 40.30 (1) provides:
“a person ‘is prosecuted’ for an offense, within the meaning of section 40.20, when he is charged therewith by an accusatory instrument filed in a court of this state or of any jurisdiction within the United States, and when the action . . .
“[pjroceeds to the trial stage and a jury has been impaneled and sworn or, in the case of a trial by the court without a jury, a witness is sworn” (CPL 40.30 [1] [b]).
As noted, this court inadvertently commenced a nonjury trial on two class A misdemeanors by hearing opening statements, swearing the People’s first witness, and taking testimony. Notwithstanding that both the People and defense counsel intended, indeed believed, that a nonjury trial had been properly commenced, having discovered the procedural error after the first witness was sworn, double jeopardy clearly attached. The *249 question is whether such attachment precludes the People from subsequently moving to reduce the class A misdemeaor charges to class B misdemeanors. This court concludes it does not.
In support of his motion to dismiss, defendant relies on People v Kurtz (51 NY2d 380 [1980]). Such reliance is misplaced. In Kurtz, defense counsel moved to dismiss the information immediately after the People’s opening statement, arguing that “the prosecutor’s statement was insufficient in that it failed to state any facts constituting the crime of driving while intoxicated which the prosecutor intended to prove” (Kurtz at 388). The trial court reserved decision, denied the People an opportunity to rectify any inadequacies, and swore the first witness. Subsequently, the trial court granted defendant’s motion to dismiss the information. The Court of Appeals held that while the trial court abused its discretion in denying the People an opportunity to reopen and failing to immediately dispose of the motion to dismiss, retrial was not prohibited even though double jeopardy had attached. Significantly, the Court in Kurtz held while dismissal of the information was proper, it was not an adjudication on the merits, directly or indirectly. Rather, it was merely a determination that the prosecutor’s opening was defective (Kurtz at 383-384).
Regarding the doctrine of double jeopardy, the Court of Appeals stated,
“as the doctrine of double jeopardy has developed in New York in relation to midtrial dismissals, ‘reprosecution is permitted whenever a dismissal has been granted on motion by defendant, so long as the dismissal does not constitute an adjudication on the facts going to guilt or innocence [even where] dismissal occurs after jeopardy has attached’ ” (Kurtz at 386, quoting People v Key, 45 NY2d 111, 117 [1978]).
Indeed, the double jeopardy doctrine specifically distinguishes between cases terminated in the defendant’s favor prior to any determination of guilt or innocence and those based on insufficient evidence (Burks v United States, 437 US 1, 14-18 [1978]; United States v Scott, 437 US 82, 94-99 [1978]). In such cases, reprosecution must be precluded because evidence insufficiency is tantamount to an acquittal (Kurtz at 386; see e.g. People v Mayo, 48 NY2d 245 [1979]).
“Retrial of cases falling within the former category of dismissals, however, is permissible because ‘the
*250 defendant, by deliberately choosing to seek termination of the proceeding against him on a basis unrelated to factual guilt or innocence of the offense of which he is accused, suffers no injury cognizable under the Double Jeopardy Clause’ ” (Kurtz at 386-387; see also Scott at 98-99; cf. People v Bartley, 47 NY2d 965 [1979]).
Here, by inadvertently failing to move to reduce the charged class A misdemeanors before the first witness was sworn, the People committed what must be objectively viewed as a procedural error. Defendant’s motion, then, seeks to terminate the case solely on procedural grounds, not a determination of defendant’s guilt or innocence. Thus, he suffered no cognizable injury. His right against double jeopardy was not, therefore, abrogated. Consequently, he is not entitled to dismissal of the information, and the People’s application to reduce was proper. This court notes, however, that even if such reduction had been precluded, the appropriate remedy would be a mistrial, not dismissal. In any event, retrial would not be barred.
III. Conclusion
For the reasons state above, defendant’s motion to dismiss the accusatory instruments against defendant is denied, and the trial shall continue under the reduced charges.

. CPL 340.40 (2) provides:
“In any local criminal court a defendant who has entered a plea of not guilty to an information which charges a misdemeanor must be accorded a jury trial, conducted pursuant to article three hundred sixty, except that in the New York [C]ity [CJriminal [Cjourt the trial of an information which charges a misdemeanor for which the authorized term of imprisonment is not more than six months must be a single judge trial. . .
This court notes that class A misdemeanor offenses are punishable by up to one year imprisonment (Penal Law §§ 60.01 [3] [aj; 70.15 [1]). Class B misdemeanor offenses are punishable by no more than three months’ imprisonment (Penal Law §§ 60.01 [3] [a]; 70.15 [2]).

. Although it is of no consequence, this court notes that the Assistant District Attorney was acting under the false presumption that both class A misdemeanors had been reduced to class B misdemeanors by a colleague while the cases were pending in Part M3. That presumption was based, at least in part, on defense counsel’s erroneous belief that such reduction had in fact occurred.