Oscar Murov, J.
The defendant was charged and tried before this court without a jury for committing the crime of assault in the third degree, a misdemeanor, in violation of subdivision 1 of section 244 of the Penal Law of the State of New York by reason of striking and hitting the complainant on his head and left ear with a cement block knocking him to the ground without just cause or provocation.
At the conclusion of the trial the attorney for the defendant-made two motions. First, that the charge herein be dismissed on the ground that the People have failed to make an opening statement as required by subdivision 1 of section 388 of the Code of Criminal Procedure; and secondly, that the People have *214 failed to prove and establish that the defendant is guilty of the crime charged beyond a reasonable doubt.
Subdivision 1 of section 388 (supra) provides as follows: “ The jury having been impaneled and sworn, the trial must proceed in the following order: 1. The district attorney, or other counsel for the people, must open the case ”.
A simple reading of the section clearly indicates by its very terms that it is only applicable to trials before a jury. The purpose of an opening statement is to give the jury a prevue of the issues for their further understanding and to allow them to more intelligently follow the evidence that is adduced at the trial. In the instant case the trial was without a jury, so the requirement of subdivision 1 of section 388 enunciating that an opening statement is necessary to be made to a jury has no application. This court could have in its discretion required an opening statement, but did not do so because it felt that none was required. Nor did defendant request that the People make .such opening statement. An examination of law applicable to this subject enunciates that in a nonjury case the People are not required to comply with the provisions of subdivision 1 of section 388. (See People v. Duskin, 11 Misc 2d 945; People v. Macomb, 9 Misc 2d 1027.)
In the case of People v. Del Principe (37 Misc 2d 428) at page 432 the court enunciates “The prosecuting attorney is not required to make an opening statement in a nonjury case.” Subdivision 1 of section 388 of the Code of Criminal Procedure is applicable by its very terms ‘ ‘ only the trial before a jury ’ ’ and cites the afore-mentioned authorities. Accordingly, the first motion made by the defendant to dismiss for failure on the part of the People to make an opening statement is denied.
The second motion is in like manner denied for the reason that the proof adduced by the People clearly establishes that the defendant is guilty of the crime charged beyond a reasonable doubt.
The defendant is directed to report to the Probation Officer within five days from the date hereof in Boom 203 at the First District Court at Commack. The matter of sentencing is adjourned to March 1,1966 before the undersigned, pending the completion, examination and consideration of such probation report. The defendant is continued in his own recognizance and is directed to return for the purpose of being sentenced on March 1,1966, at 9:30 a.m.