In the Matter of JOSEPH GALLO, Respondent, v. PAUL D. McGINNIS, as Commissioner of the New York State Department of Correction, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR, by an inmate of a State prison under a 1961 judgment of conviction, to vacate a warrant against him which was lodged at the prison by the New York City Department of Correction on the basis of a 1960 judgment of conviction, the appeal is from a judgment of the Supreme Court, Kings County, dated February 26, 1968, which vacated the warrant. Judgment reversed, on the law, without costs; warrant reinstated; and proceeding dismissed on the merits. The findings of fact below are affirmed. The question involved was ruled upon by this court when the matter was previously before it (see *Matter of McGinnis v. Kross*, 15 A D 2d 950). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY RIVARA, Appellant.— Appeal from a judgment of the Supreme Court, Queens County, rendered June 21, 1968, convicting appellant of petit larceny upon each of three indictments, after a consolidated nonjury trial, and imposing sentence, with execution of sentence suspended. Upon the appeal this court has reviewed three orders of the same court, made the same date (each order with respect to a respective one of the three indictments), which denied appellant's motion for a new trial on the ground of newly discovered evidence. Judgment and orders affirmed. Appellant contends, *inter alia*, that he was denied a full opportunity to defend by the prosecution's failure to make an opening statement (citing Code Crim. Pro. § 388, subd. 1). The cited statute by its terms applies to jury trials. In such trials, the opening is mandatory and cannot be waived (*People* v. *McLaughlin*, 291 N. Y. 480). A different situation is presented in nonjury trials. There, an opening is not necessary, because the purpose of the opening is to give the jury a preview of the evidence so that they " may better understand and appreciate its connection and bearing upon the case" (*People* v. *Benham*, 160 N. Y. 402, 434; see *People* v. *Kohilakis*, 49 Misc 2d 213). We hold therefore that the opening may be waived in a nonjury trial and that a waiver did occur at bar. Defense counsel specifically consented to the prosecutor's request to omit his opening. We have examined appellant's other contentions and find them to be without merit. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EWART A. THOMAS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated January 9, 1969, which denied the application without a hearing. Order affirmed. Defendant contends that his plea of guilty was coerced by statements made by the District Attorney at the plea hearing. We find no merit to this contention and defendant was rightfully denied a hearing. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.