■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. PARKER, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered November 17, 1981, upon a verdict convicting defendant of the crimes of burglary in the third degree and criminal possession of stolen property in the third degree. On or about June 13, 1981, an unoccupied home owned by Bertrum Buck was burglarized and several articles owned by Buck's son, a former occupant, were taken from the home. Shortly thereafter, defendant was indicted by the Grand Jury of Tompkins County for burglary in the third degree (Penal Law, § 140.20) and two counts of criminal possession of stolen property in the second degree (Penal Law, § 165.45, subd 1). Defendant was tried on this indictment and, in submitting the case to the jury, the court in its charge, in reference to the two counts of criminal possession in the second degree, also charged as to the lesser crime of criminal possession in the third degree (Penal Law, § 165.40). Defendant was convicted after trial of burglary in the third degree and of one count of criminal possession in the third degree and was thereafter sentenced to an indefinite term of imprisonment having a three-year maximum. Defendant urges that two errors committed in the course of the trial each require reversal of his conviction. He first contends that the opening statement of the prosecutor failed to comply with the mandates of CPL 260.30 (subd 3). That subdivision provides simply that "[t]he people must deliver an opening address to the jury", but, as can be readily seen, the necessary ingredients of an opening are not set forth therein. However, the Court of Appeals, after acknowledging the lack of any clue in the statute as to the essentials that must be included, has determined that "at a minimum the prosecutor generally should set forth the nature of the charge against the accused and state briefly the facts he expects to prove, along with the evidence he plans to introduce in support of the same" (*People v Kurtz,* 51 NY2d 380, 384, cert den 451 US 911). The purpose of the statute is fulfilled when the opening statement presents "a capsulized version 'of the evidence that [the prosecutor] expects to present, and the claim that he will make with reference thereto, to the end that the jury, upon listening to the evidence, may better understand and appreciate its connection and bearing upon the case'" (*supra,* p 384, quoting *People v Benham,* 160 NY 402, 434; see, also, *People v Wade,* 35 AD2d 401, 403; *People v Rivara,* 33 AD2d 567). Our perusal of the prosecutor's opening reveals that, while perhaps not a model of

excellence, the opening statement satisfied the purpose of the statute and adequately informed the jury, if not directly then by appropriate inference, as to the charges against defendant and was of such content as to enable the jury to intelligently understand the nature of the case they had been chosen to decide (*People v Kurtz, supra*). Moreover, no motion directed at the inadequacy or impropriety of the People's opening statement was made and absent bad faith or undue prejudice, neither of which is demonstrated here, a trial will not be undone simply because there was some defect in the prosecution's opening to the jury (*People v De Tore,* 34 NY2d 199, 207, cert den *sub nom. Wedra v New York,* 419 US 1025; see, also, Power of Trial Court to Dismiss Prosecution or Direct Acquittal on Basis of Prosecutor's Opening Statement, Ann., 75 ALR3d 649, 664-665). Hence, we find no merit to this contention. Likewise, we find no merit to defendant's second and final contention, i.e., that the trial court erred by violating the mandates of CPL 300.30 and 300.40. Such a contention is bottomed upon the fact that, in his summation, the prosecutor conceded that the People had failed to establish that the value of the articles removed was more than the sum of $250, an essential element of the crime of criminal possession of stolen property in the second degree (Penal Law, § 165.45, subd 1). CPL 300.40 provides, in relevant part: "The court may submit to the jury only those counts of an indictment remaining therein at the time of its charge which are supported by legally sufficient trial evidence, and every count not so supported should be dismissed by a trial order of dismissal". CPL 300.30 (subd 1), in pertinent part, provides: "When the court 'submits a count,' it must, at the least, submit the offense charged therein if such is supported by legally sufficient trial evidence, or if it is not, the greatest lesser included offense which is supported by legally sufficient trial evidence". Defendant's argument overlooks the fact that the court and not the District Attorney makes the determination as to the sufficiency of the evidence. At bar, despite the District Attorney's concession, there was, in the testimony presented, a sharp conflict as to the value of the articles taken, and, thus, a question of fact was presented for the jury's determination. The trial court properly instructed the jury that if they found from the conflicting evidence the value to be less than $250, they could convict of the lesser offense, assuming all of its elements were proven beyond a reasonable doubt, instead of the more serious crime of criminal possession in the second degree. The prosecutor's conclusion in summation was of no legal significance and did not preclude the jury from finding defendant guilty of criminal possession of stolen property in the second degree had they been so convinced by the evidence. Under these circumstances, there was, of course, no prejudice to defendant. Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.