■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTA ROLLOVA, Appellant.—Yesawich, Jr., J.

Defendant, a self-proclaimed exotic dancer, was arrested by the Albany Police Vice Squad. She had previously agreed, for a fee of $450, to dance and to provide another woman, Angelo Whitfield, for purposes of prostitution for four undercover officers, who were then posing as business executives having a party at a local motel.

On the night of the arrest, June 6, 1983, the two women met one of the officers at the designated motel, and in Whitfield's presence he paid defendant the fee, which included $125 for each girl to dance and $50 per man for sex. The parties then retired to a motel room that had been bugged earlier and was being monitored by the squad leader. After setting up her equipment and changing into her costume, defendant danced, ultimately removing all her clothing. As defendant was performing, Whitfield visited with the men, preparatory to having sex with them; the pair was arrested as Whitfield, with that purpose in mind, entered an adjoining room with one of the officers.

Thereafter, defendant and Whitfield accused the police of sexually abusing them during the period immediately preceding their arrest. A Grand Jury was convened, heard testimony from the women (who on the advice of counsel waived immunity), deliberated, and exonerated the officers of any wrongdoing. Defendant, however, was indicted on four counts of perjury in the first degree, class D felonies; four counts of prostitution, class B misdemeanors; and, one count of promoting prostitution in the fourth degree, a class A misdemeanor.

Whitfield and defendant were both represented by Armand Riccio, Esq., until one week before trial, when Whitfield sought and was assigned new counsel. She then entered a plea of guilty to one count of perjury in satisfaction of all charges stemming from her arrest and testified for the prosecution at defendant's trial. She stated, among other things, that Riccio had concocted the sexual abuse story and that her Grand Jury testimony was a fabrication.

At the conclusion of defendant's trial the jury acquitted her of perjury but found her guilty of the misdemeanor charges. The sentence imposed was one year in prison for promoting prostitution and a $50 fine for each of the four prostitution counts. This appeal ensued.

Defendant's chief claim, that she was denied effective assistance of counsel, rests on the fact that her counsel, Riccio, alluded throughout the trial to his alleged complicity in the perjury charges and a perceived conflict of interest between

him, defendant and the People's key witness, Whitfield. Defendant also faults counsel for neglecting to make pretrial motions.

The complicity argument is vitiated by reason of defendant's acquittal of all perjury charges. And the contention that the trial court's failure to apprise defendant of the risks attendant upon Riccio's joint representation of her and Whitfield, prior to allowing her to proceed to trial with him as her attorney, amounted to a denial of her constitutionally guaranteed right to counsel is based on a misapprehension of *People v Macerola* (47 NY2d 257) and *People v Gomberg* (38 NY2d 307). The joint representation rule charges the trial court, in cases where codefendants are represented "during the entire criminal proceeding" by a single attorney, with the burden of determining whether a defendant's decision to proceed with the attorney is an informed one *(People v Macerola, supra,* p 262). That principle is inapplicable here for dual representation of defendant and Whitfield ended before defendant's trial commenced; hence the predicament the rule seeks to avert, namely simultaneous representation of the conflicting interests of multiple defendants, was not present, and judicial warnings were therefore unnecessary.

Nor is this a case where counsel's representation was ineffective because he successively represented codefendants. The record simply does not manifest that the defense tendered by Riccio was influenced or affected by any lingering loyalty to Whitfield *(see, People v Alicea,* 61 NY2d 23), and unlike *People v Mattison* (67 NY2d 462), here, by sharp contrast, Whitfield, a star prosecution witness, negotiated and entered into a plea bargain using counsel who in no way was associated with Riccio.

As for counsel's failure to make an omnibus pretrial motion, that in and of itself does not indicate that ineffective assistance was furnished *(cf. People v Bonk,* 83 AD2d 695). Indeed, the record suggests defendant was provided a vigorous defense by an experienced criminal trial lawyer, fully familiar with the facts and prepared for trial. Given this, and the further fact that an acquittal on the felony counts was achieved, we are averse to concluding that meaningful representation was not afforded *(see, People v Baldi,* 54 NY2d 137, 147).

Equally unavailing is defendant's assertion that she was deprived of a fair trial because the prosecution used evidence of uncharged prior crimes in its case-in-chief. At the outset, it is noteworthy that this issue was not raised at trial and, accordingly, is not properly preserved for review (CPL 470.05

[2]). Beyond that, the point is not well taken for defense counsel in his opening invoked the affirmative defense of entrapment. This enabled the People to offer proof of defendant's disposition to commit similar crimes on its direct case (see, People v Mann, 31 NY2d 253).

Also unpersuasive is the claim that the trial court committed reversible error in refusing to instruct the jury on the defense of entrapment. The record discloses that the police did not actively induce or encourage defendant, but merely afforded her the opportunity to commit an offense (Penal Law § 40.05). Even a most amiable view of defendant's entrapment evidence would not entitle her to this charge (see, People v Thompson, 47 NY2d 940).

We are of the view, however, that defendant's constitutional and statutory right to be free of double jeopardy was violated. Defendant was convicted of promoting prostitution and four counts of prostitution. Since defendant agreed to have sex with two men, two of the four convictions for prostitution were grounded in Penal Law § 20.00 liability.

"Promoting prostitution" is defined in the disjunctive. It requires the party to knowingly "advance" or "profit from prostitution"; the latter contemplates the individual "participat[ing] in the proceeds of prostitution activity" before criminal liability attaches (Penal Law § 230.15 [2]). As neither the indictment nor the evidence adduced at trial suggests defendant was to "profit" from Whitfield's prostitution, defendant's conviction for promoting prostitution must be based upon the "knowing advancement" of prostitution, which in our judgment is coextensive with the "intentional aid" requirement for accomplice liability. Inasmuch as double jeopardy prohibits duplicative punishments, a violation has been visited upon defendant for which the cure would be to reduce the defendant's fine by $100 to reflect the fact that a $50 fine was imposed for each of the two counts of prostitution stemming from her collusion rather than active conduct.

The other points advanced on defendant's behalf lack merit or were not preserved for appeal. Lastly, since no unusual or extraordinary circumstances have been brought to our attention, we are disinclined, except as already noted, to disturb the sentence.

Judgment modified, on the law, by reducing the fines imposed for defendant's convictions on the four counts of prostitution to $100, and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.