■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER P. ADAMS, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered April 28, 1987, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

On August 3, 1986, defendant, an inmate at Coxsackie Correctional Facility, caused a disturbance while waiting in line to receive his evening meal. Correction Officer Charles Richards ordered defendant to return to his cell. Thereafter, Richards and Correction Officer Joseph Messina brought a tray of food to defendant's cell. There was testimony that when Richards entered defendant's cell, defendant struck Richards in the head, knocking his glasses off. During the ensuing struggle, Richards fractured a bone in his hand.

Defendant was subsequently indicted for two counts of assault in the second degree. Following a trial, the jury returned a guilty verdict on both counts. Defendant, who was

a second violent felony offender, was sentenced to the minimum allowable term of imprisonment, 2½ to 5 years. This appeal followed.

Defendant asserts that his conviction should be reversed upon the ground that the prosecution did not deliver an appropriate opening statement. CPL 260.30 (3) provides that "[t]he people must deliver an opening address to the jury". Although the statute provides no further guidance as to the extent of an opening statement by the prosecution, the Court of Appeals has stated that "at a minimum the prosecutor generally should set forth the nature of the charge against the accused and state briefly the facts he expects to prove, along with the evidence he plans to introduce in support of the same" *(People v Kurtz,* 51 NY2d 380, 384, *cert denied* 451 US 911). Here, the prosecutor read the two counts of the indictment to the jury. Both of the counts were factually detailed. He then reviewed the elements of the charged crime and mentioned at least some of the evidence and witnesses he planned to present. Upon review of the prosecutor's opening, we believe that he presented sufficient information to enable the jury to intelligently understand the nature of the case *(see, supra,* at 384; *People v Parker,* 97 AD2d 620, 621).

Next, defendant contends that he was denied effective assistance of counsel. We cannot agree. Defense counsel followed a well-planned trial strategy, made timely objections, conducted extensive cross-examinations and called favorable witnesses. The fact that certain pretrial motions were not made does not constitute ineffectiveness per se *(see, People v Rollova,* 124 AD2d 886, 888, *lv denied* 69 NY2d 716; *People v Rodriguez,* 111 AD2d 524, 525).

Defendant's remaining contention, that the prosecution failed to adequately prove the elements of the charged crime, is meritless.

Judgment affirmed. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.