■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO BROWN, Appellant.—

The defendant's conviction arises out of his involvement, along with three accomplices, in the armed robbery of a Brooklyn grocery store on November 5, 1982. The defendant was jointly tried with codefendants Jerome Marcus and Ivan Paris and they were each convicted of two counts of robbery in the first degree.

On appeal, the defendant maintains that the prosecutor's opening statement to the jury was legally deficient and, thus, the trial court erred in denying his motion to dismiss the indictment at the close of that statement. We disagree. CPL 260.30 (3) requires the prosecution to deliver an opening statement to the jury. Although that section does not specify the minimum requirements of the prosecutor's opening remarks, the courts have recognized that a prosecutor's opening statement should set forth the nature of the charges against the defendant and briefly state the facts the prosecution intends to prove and the evidence which will be introduced in support thereof (see, *People v Kurtz,* 51 NY2d 380, 384, *cert denied* 451 US 911; *People v Benham,* 160 NY 402, 434). Although the prosecutor is not required to reveal all the evidence he or she intends to offer at trial, "the jury should hear sufficient evidence to intelligently understand the nature of the case they have been chosen to decide" *(People v Kurtz, supra,* at 384). Herein, the prosecutor reviewed the counts of the indictment and she briefly discussed the evidence which she intended to produce in order to prove the charged crimes. Upon a review of the prosecutor's opening statement, we conclude that she presented sufficient information to enable the jury to intelligently understand the nature of the case (see, *People v Adams,* 139 AD2d 794, 795; *People v Brown,* 104 AD2d 696; *People v Parker,* 97 AD2d 620). Accordingly, the defendant's motion to dismiss the indictment was properly denied.

The defendant further argues that the trial court violated the holding of *Bruton v United States* (391 US 123) by admitting into evidence the codefendant Paris' incriminating statement which he made to police. The codefendant Paris did not testify. Although the original statement implicated the defendant in the robbery, the trial court redacted the statement by deleting any reference to the defendant's involvement in the crime and substituting the phrase "another man" for the

defendant's name. Additionally, the trial court properly instructed the jury regarding the use of the codefendant's statement as evidence against the remaining defendants *(see, Richardson v Marsh,* 481 US 200). Under these circumstances, the defendant's right of confrontation was not violated *(see, People v Marcus,* 137 AD2d 723). In any event, we conclude that the error, if any, in admitting the redacted statement into evidence was harmless in view of the overwhelming proof of guilt against the defendant *(see, People v Hamlin,* 71 NY2d 750).

Additionally, we reject the defendant's contention that his guilt of the charged crimes was not proven beyond a reasonable doubt. The evidence, when viewed in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), was legally sufficient to establish that the defendant, along with his three accomplices, robbed the two victims at gunpoint. Moreover, upon the exercise of our factual review power (CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence.

We further note that the defendant's claim that he was deprived of a fair trial by reason of the prosecutor's summation remark in which she stated that one of the victims was "entirely forthright" in his testimony, has not been preserved for appellate review inasmuch as the defendant failed to raise an objection thereto at trial (CPL 470.05 [2]). In any event, we find the defendant's argument to be without merit.

Finally, we conclude, contrary to the defendant's contention, that the imposed sentence of 12½ to 25 years' imprisonment was neither harsh nor excessive and was appropriate under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Lawrence, Rosenblatt and Miller, JJ., concur.