OPINION OF THE COURT
Memorandum.
Order unanimously reversed on the law, defendant’s motion to set aside the jury verdict convicting defendant of promoting prostitution in the fourth degree and to dismiss the accusatory instrument denied, accusatory instrument and jury verdict reinstated, and matter remanded to the court below for all further proceedings thereon.
After the court reserved decision on defendant’s motion to dismiss the accusatory instrument for facial insufficiency, the jury returned a guilty verdict. The court then granted the motion, set the verdict aside, and dismissed the accusatory instrument because, inter alia, the instrument, having alleged that defendant transported a prostitute for the purpose of engaging in sexual acts, failed to allege that the prostitute engaged in said acts “for a fee” (cf. Penal Law § 230.00) and that defendant did so with the requisite intent to establish his guilt of promoting prostitution in the fourth degree (Penal Law § 230.20; see People v Rollova, 124 AD2d 886, 889 [1986]). We conclude that the allegations of the information and attached supporting depositions established every element of the offense charged (CPL 100.15 [2], [3]; 100.20).
Accusatory instruments are to be accorded “a fair and not overly restrictive or technical reading” and will be upheld so long as they serve the fundamental purposes of providing the accused “notice sufficient to prepare a defense” and in a form sufficiently “detailed” to prevent a subsequent retrial for the same offense (People v Casey, 95 NY2d 354, 360 [2000]; People v Sylla, 7 Misc 3d 8, 10 [App Term, 2d & 11th Jud Dists 2005]). Moreover, proof of states of mind, such as guilty knowledge or intent, absent a confession, are normally based on circumstantial evidence (e.g. People v Johnson, 65 NY2d 556, 561 [1985]; People v Mackey, 49 NY2d 274, 279 [1980]; People v Collins, 178 AD2d 789, 789 [1991]), and for *80 pleading purposes, the requisite mental state may be alleged on the basis of a logical implication of the act itself or upon the surrounding circumstances (e.g. People v Bracey, 41 NY2d 296, 301 [1977]; People v McGee, 204 AD2d 353 [1994]; People v Ramnauth, 8 Misc 3d 128[A], 2005 NY Slip Op 50968[U] [App Term, 9th & 10th Jud Dists 2005]; see also People v Leiner, NYLJ, Oct. 15, 1997, at 34, col 5 [App Term, 2d & 11th Jud Dists] [“Since ‘intent’ is an operation of the mind and cannot be the subject of a nonhearsay evidentiary allegation, it (is) not necessary to repeat the intent allegation in the factual part . . . It is necessary only that there be alleged evidentiary facts from which intent may be inferred”]).
Here, the accusatory instrument alleged that defendant “advance[d] . . . prostitution” (Penal Law § 230.20) by “knowingly . . . engaging] in . . . conduct designed to institute, aid or facilitate an act... of prostitution” (Penal Law § 230.15 [1]) by transporting a prostitute to a customer “for the purpose of engaging in sexual acts.” The accompanying supporting depositions, by the admitted prostitute and her customer, established that the customer contacted an escort service to solicit their services, that the escort service arranged for a person known to the prostitute as “Frank” to transport her to the customer’s location, and that she engaged in sexual conduct with the customer for which she received a fee. Thus, while the accusatory instrument might have more felicitously tracked the statutory language of Penal Law § 230.00 by alleging that defendant transported, and thereby abetted, the prostitute’s engaging in sexual acts “in return for a fee,” given that the instrument incorporated by reference the statutory definition of prostitution and alleged sufficient facts to plead all the elements of that definition, the omission of the words “for a fee” in the accusatory portion did not, standing alone, render the instrument defective.
As for the issue of intent, defendant’s knowledge that he transported the prostitute to facilitate her subsequent act of prostitution, that is, the exchange of a sexual act for a fee, was circumstantially established for pleading purposes by the sworn allegations that “Frank,” dispatched by the escort service, not the prostitute, directed the prostitute to the customer’s door, remained at the scene while the prostitute was engaged with her customer (inferentially in the expectation that the encounter would be brief), and that the escort service had instructed the prostitute immediately to turn over the proceeds of her services *81 to “Frank,” her driver. Such allegations suffice to plead knowledge and intent sufficiently to establish, prima facie, sufficient knowledge and intent to charge defendant with promoting prostitution in the fourth degree.
Rudolph, P.J., McCabe and Tanenbaum, JJ., concur.