OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is modified, on the law, by vacating the convictions of two counts of petit larceny (counts 8, 16), two counts of criminal possession of a forged instrument in the third degree (counts 17, 18), and attempted petit larceny (count 19), and by providing that these counts of the accusatory instrument are dismissed; as so modified, the judgment of conviction is affirmed.
On January 19, 2012, the People charged defendant, in a prosecutor’s information, with nine counts of criminal possession of a forged instrument in the third degree (Penal Law § 170.20), seven counts of petit larceny (Penal Law § 155.25), two counts of forgery in the third degree (Penal Law § 170.05), and one count of attempted petit larceny (Penal Law §§ 110.00, 155.25). The information alleged that, from November 18, 2010 through June 17, 2011, defendant, then an employee of the Storm King School, submitted to the school, for reimbursement, a series of medical co-payment receipts which defendant had altered to reflect higher payments. At a nonjury trial, defendant moved, at the close of the People’s case, to dismiss all of the counts for evidentiary insufficiency, raising specific grounds. The Justice Court denied the motion and defendant presented a brief case, recalling one of the People’s witnesses whose testimony did not address the evidentiary deficiencies alleged in support of the motion to dismiss. Defendant did not renew her motion to dismiss. Before the verdict was rendered, the court granted the People’s motion to dismiss counts 3, 4, and 5 of the information, which alleged, respectively, forgery in the third degree, criminal possession of a forged instrument in the third degree, and petit larceny. The Justice Court acquitted defendant of one count of petit larceny (count 10) and convicted defendant of the remaining counts.
Defendant appeals, arguing that the People failed to establish that her co-payment applications and related documentation were admissible as business records; that the proof was legally insufficient to support the convictions; and that the conviction of attempted petit larceny was against the weight of the evidence. For the reasons that follow, we reverse the convictions , of two counts of petit larceny (counts 8 and 16), *82 two counts of criminal possession of a forged instrument in the third degree (counts 17 and 18), and attempted petit larceny (count 19), and affirm the remaining convictions.
The specific objection now raised to the admission of the People’s exhibits is not preserved for appellate review (CPL 470.05 [2]). In his argument opposing the People’s offer of the exhibits into evidence, trial counsel made no reference to the business records exception to the hearsay rule, much less to whether the foundation testimony satisfied CPLR 4518 (a) (see CPL 470.05 [2]; People v Kurth, 82 AD3d 905, 906 [2011]; People v Bell, 286 AD2d 443 [2001]), and did not raise this issue in his motion to dismiss. In any event, to the extent any of the documents in question were being used for a hearsay purpose, we are satisfied that the testimony established that the documents bore all of the “indicia of reliability characteristic of a business record” (People v Cratsley, 86 NY2d 81, 91 [1995]). Three present and former employees of the Storm King School, whose duties were directly related to the production, use and storage of the co-payment reimbursement forms, the copies of the provider payment receipts attached thereto as proof of the claims, and the checks issued to satisfy the claims, testified in detail as to the manner in which the application forms are filled out, the supporting documentation assembled in support of the claims, the claim review process, and the subsequent storage of the application and reimbursement documentation. Additionally, witnesses employed by the providers from whom defendant had received co-payment receipts authenticated the unaltered originals as documents produced in the ordinary course of the provider’s business and which the providers had issued at the time the co-payments were made. This testimony collectively
“reflected a routine, regularly conducted business activity, needed and relied on in the performance of the functions of the business . . . [that the records were] made pursuant to established procedures for the routine, habitual, [and] systematic making of [the] record [s] . . . [and that they were] made at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter, assuring that the recollection is fairly accurate and the entries routinely made” (id. at 89; see also People v Kennedy, 68 NY2d 569, 579-580 [1986]).
While none of the witnesses could recall reviewing any particular application by defendant, because the witnesses *83 “indicated sufficient knowledge of the record-keeping practices and procedures of the [school] ... it was not necessary that [they] have personal knowledge regarding [a] particular record” (People v Mattis, 108 AD3d 872, 876 [2013]).
With respect to the challenge to the legal sufficiency of the proof, prior to People v Finch (23 NY3d 408 [2014]), we would have concluded, pursuant to People v Hines (97 NY2d 56 [2001]), that defendant failed to preserve any claim as to the legal sufficiency of the evidence because, after presenting evidence, she did not renew the motion to dismiss for evidentiary insufficiency that she had made at the close of the People’s case (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Smith, 43 Misc 3d 71 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). The extent to which Finch now allows a finding of preservation in contexts where Hines would have required a second defense motion to dismiss after the defense has presented a case, remains to be fully settled. Here, as noted, in her motion to dismiss at the close of the People’s case, defendant raised specific evidentiary arguments. While defendant made no motion to dismiss after presenting her case, which was limited to the brief testimony of a former Storm Kang School employee that had no bearing on those arguments, the denial of the motion represents, per Finch, a sufficiently “definitive” adverse ruling to preserve the issues for appellate review, where, as here, defendant’s case did not impact on the determination of the dismissal motion (cf. People v Butler, 45 Misc 3d 134[A], 2014 NY Slip Op 51726[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014] [legal sufficiency claim unpreserved where the defendant failed to move to dismiss after presenting a case which included “evidence relevant to (a) defense”]). While Hines was not overruled, we conclude that, under Finch, the Court of Appeals has vitiated the rationale of Hines, at least in the case where the specific ground raised in an earlier motion has been decided and nothing new has come out in the defendant’s case which would implicate the propriety of the prior ruling, thereby rendering any further motion unnecessary. Thus, the issues presented in defendant’s motion to dismiss at the close of the People’s case are preserved without the necessity of a motion to dismiss at the end of defendant’s case. Consequently, a review of the legal sufficiency of the evidence in this case will be undertaken. We note that, were we to find the evidentiary sufficiency claim unpreserved, we would, in any event, address the issue as a matter of discretion in the interest of justice.
*84 We find the proof legally sufficient to establish six counts of criminal possession of a forged instrument in the third degree (counts 1, 7, 9, 11, 13, 15), three counts of petit larceny (counts 2, 12, 14), and forgery in the third degree (count 6), based on the providers’ proof of the co-payment receipts issued to defendant, and the testimony by Storm King School employees responsible for review and payment of reimbursement claims establishing that defendant submitted co-payment receipts which had been altered to exceed the amounts actually paid and that the school had reimbursed defendant for the amounts submitted. Additionally, a coworker testified that he had observed defendant in the act of altering certain of those receipts. However, we find the proof inadequate to establish that the Storm King School reimbursed defendant for the forged receipt submitted on February 22, 2011 and, therefore, that a larceny resulted from that submission (count 8). Moreover, absent testimony sufficient to authenticate the proof of the copies of the receipts retained by the providers with respect to the offenses charged in counts 8 and 16-19 (two counts of petit larceny, two counts of criminal possession of a forged instrument in the third degree, and attempted petit larceny, respectively), and given the unexplained discrepancies in the specifics of the remaining documentation offered to prove these offenses, the evidence was legally insufficient to prove these counts.
Accordingly, the judgment of conviction is modified, on the law, by vacating the convictions of two counts of petit larceny (counts 8, 16), two counts of criminal possession of a forged instrument in the third degree (counts 17, 18), and attempted petit larceny (count 19) and by providing that these counts of the accusatory instrument are dismissed.
Iannacci, J.P., Maraño and Tolbert, JJ., concur.