The People of the State of New York, Respondent,
against
Donna Broomfield, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (ShawnDya L. Simpson, J.), rendered March 31, 2014. The judgment, insofar as appealed from as limited by the brief, convicted defendant, after a nonjury trial, of driving while ability impaired.




ORDERED that the judgment of conviction, insofar as appealed from, is affirmed.
On September 22, 2012, a police officer in an unmarked patrol car observed defendant's vehicle swerve across the double solid yellow pavement markings on Church Avenue in Kings County, New York, before passing a red light at the intersection of New York Avenue. After stopping defendant, the officer observed that defendant's eyes were bloodshot, glassy and watery, and detected the odor of an alcoholic beverage on her breath. He also noticed that defendant's speech was slurred as she repeatedly asked the officer questions that he had already answered, and she appeared off balance as she walked from her car. The officer arrested defendant, and, during post-arrest processing, two other officers noticed the same indicia of intoxication, one adding that defendant appeared disheveled, and another, that she was somewhat combative. Defendant exhibited several cues of intoxication on three physical coordination tests, and a chemical test of her blood alcohol content produced a reading of .14 of one per centum by weight. Defendant was ultimately charged in a prosecutor's information with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and failing to observe a traffic control signal (Vehicle and Traffic Law § 1111 [d] [1]). After a nonjury trial, defendant was convicted of both counts. On appeal, defendant limits her claims of error to the conviction of driving while ability impaired.
After presenting her defense, defendant failed to renew her motion to dismiss the count of driving while ability impaired for legal insufficiency, which motion she had made at the close of the People's case (see People v Hines, 97 NY2d 56, 61 [2001]; e.g. People v Acevedo, 136 AD3d 1386, 1386 [2016]; cf. People v Finch, 23 NY3d 408 [2014]; People v Ganz, 50 Misc 3d 79, 83 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Thus, this claim is not preserved for appellate review. However, were we to review the matter in the interest of justice, we would affirm. Evidence is legally sufficient "where any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People ' " (People v Dubarry, 25 NY3d 161, 178 [2015], quoting People v Hines, 97 NY2d at 62). Here, several indicia of the physical effects of alcoholic beverage consumption were apparent to multiple trained and experienced observers, which, coupled with the erratic operation of her vehicle, the failure to successfully complete multiple physical coordination tests, and a blood alcohol test result that was nearly twice the threshold for intoxication per se (see Vehicle and Traffic Law §§ 1192 [2]; [*2]1195 [2] [c]), established that there existed an " actual impair[ment] . . . [of] the physical and mental abilities which [she was] expected to possess in order to operate a vehicle as a reasonable and prudent driver' " (People v Vandover, 20 NY3d 235, 239 [2012], quoting People v Cruz, 48 NY2d 419, 427 [1979]; see also People v McNamara, 269 AD2d 544, 545 [2000]; People v Gonzalez, 50 Misc 3d 131[A], 2015 NY Slip Op 51938[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Kehoe, 50 Misc 3d 126[A], 2015 NY Slip Op 51837[U] [App Term, 1st Dept 2015]).
In conducting a weight of the evidence review (see CPL 470.15 [5]), we must determine whether all of the elements of the crime charged were established beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 249 [2007]; People v Fournier, 137 AD3d 1318, 1319 [2016]). This review requires that we accord "great deference to the factfinder's opportunity to view the witnesses, hear their testimony and assess their credibility (see People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490 [1987])" (People v Lloyd, 49 Misc 3d 135[A], 2015 NY Slip Op 51475[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; see also People v Williams, 38 Misc 3d 4, 8 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Aside from a few minor inconsistencies, the witnesses' testimonies were coherent, internally and collectively consistent, and generally credible, and justify the weight accorded the testimonies by the trial court (see People v Garafolo, 44 AD2d 86, 88 [1974]). Further, a factfinder is entitled to consider a blood alcohol test result as " some evidence of intoxication' " (People v Morren, 52 Misc 3d 132[A], 2016 NY Slip Op 51005[U], *3 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016], quoting Johnson v Plotkin, 172 AD2d 88, 91 [1991]; see e.g. People v Crane, 35 Misc 3d 132[A], 2012 NY Slip Op 50695[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Grennon, 36 Misc 3d 33, 36 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]), and the high reading reported in this case could properly be considered as evidence of defendant's impairment.
Defendant argues that the test result was of little evidentiary value because the proof of the observation period was inadequate and because the instrument reported that the single breath sample tested was insufficient to permit a measurement of the maximum blood alcohol content. Although one of the witnesses did not testify to an uninterrupted 20-minute observation period preceding the test, another officer testified credibly thereto, and, in any event, "[a] constant vigil is not required" (People v McDonough, 132 AD2d 997, 998 [1987]; People v Brown, 44 Misc 3d 129[A], 2014 NY Slip Op 50984[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014] [same]), as deficiencies in the proof of the observation period "go[] only to the weight to be afforded the test results, and not to their admissibility" (People v Jones, 50 AD3d 1058, 1059 [2008]; see also People v Morren, 52 Misc 3d 132[A], 2016 NY Slip Op 51005[U], *2-3; People v Rivera, 49 Misc 3d 130[A], 2015 NY Slip Op 51416[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Further, an instrument reading based on a breath sample that is not composed entirely of "deep lung air" remains a valid, if not optimal, measure of a subject's blood alcohol content, because such a reading understates the true blood alcohol content and thereby favors the subject (see People v DeMarasse, 85 NY2d 842, 845 [1995]; People v Nuesi, 84 AD3d 1272, 1273 [2011]). We note that "there is no requirement that more than one test be given" (People v Morren, 52 Misc 3d 132[A], 2016 NY Slip Op 51005[U], *2; see People v Lont, 34 Misc 3d 142[A], 2012 NY Slip Op 50088[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012] ["New York law requires that only one breath sample be taken (see e.g. 10 NYCRR § 59.5)"]).
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: April 07, 2017