The People of the State of New York, Respondent, 
 against Jesus A. Montoya, Appellant.





Thomas G. Farrell, Jr., Esq., for appellant.
District Attorney Orange County (Nicholas D. Mangold, Esq.), for respondent.

Appeal from a judgment of the Justice Court of the Town of Wallkill, Orange County (Patrick S. Owen, J.), rendered March 8, 2016. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the third degree.




ORDERED that the judgment of conviction is affirmed.
Defendant, who was 44 years old, was charged with the offenses of forcible touching (Penal Law § 130.52) and sexual abuse in the third degree (Penal Law § 130.55), based on an allegation that he had touched the breast of his 17-year-old niece, while driving her home from a job interview. After a jury trial, defendant was found guilty of sexual abuse in the third degree and not guilty of forcible touching.
The prosecutor, in her opening statement, told the jury, in pertinent part, that:
"[T]his case is about a seventeen-year-old girl who was stripped of any resemblance [sic] of innocence by an uncle who maintained a sexual attraction towards this seventeen-year-old youth. What makes matters worse . . . is that he acted on those sexual desires. He waited until he had the right opportunity to seize that opportunity and he made those sexual advances when she was alone and no one was there to see what he was about to do to the victim.
Now . . . I intend to prove beyond a reasonable doubt [that defendant] committed a crime of sexual abuse in the third degree . . . he subjected [the victim] to sexual contact, and she did not consent to it neither [sic] indirectly or expressly.
Now, I'm going to present the evidence to you, but I'm not going to tell you [the victim's] story. I can't do that. [The victim] is going to come up here and she's going to tell you what happened to her. She's going to tell you how he did it. She's going to tell you what he said to her. She's going to tell you how she felt."
Defendant moved to dismiss on the ground that the prosecutor had failed "to outline in factual detail all of the elements of the case." The court denied the motion "based on the fact the People have sufficiently laid out the elements of the crimes charged."
The complainant testified that, on July 30, 2014, she had called defendant and asked him [*2]to drive her to a job interview. Defendant agreed. After the interview, the complainant got back into defendant's car. Defendant drove to a drug store, where the complainant used the bathroom and bought a drink. Defendant then asked the complainant if she wanted to go anywhere else. She told him no. Defendant started driving. He touched and caressed the complainant's hand. Defendant then pulled her hand up to his chest. He then kissed her hand. Defendant drove by the building where the interview had been conducted. Defendant stopped the car and asked the complainant for a kiss. She refused. Defendant drove and did not let go of her hand. He kissed her hand and told her she was pretty. At a stop light, defendant touched the complainant's left breast with the palm of his right hand, outside of her shirt. At another stop light, he asked her if she wanted a beer or wine. The complainant declined. Defendant then touched her thigh. The complainant pushed his hand away. He held her hand again and asked if they could see each other. The complainant said no.
At the close of the People's case, defendant moved to dismiss the charges "for the failure of the People to prove the case beyond a reasonable doubt." Counsel made a specific argument only with respect to the forcible touching charge. The court denied the motion.
Defendant testified in his own behalf. He asserted that he did not want to drive the complainant to the interview, but she "insisted and insisted" and said "that she didn't know anybody else to take her." Defendant denied the complainant's allegations but admitted that he had touched her hair before he had dropped her off for the interview because the complainant had been nervous. He told her to calm down. He also admitted that, while driving the complainant home, he had kissed her hand, and that he had driven to a drug store because the complainant had to use the bathroom. He then drove the complainant home. Defendant stated several times that the complainant was lying. He further testified that the complainant subsequently called him and asked him for another ride. Defendant refused because he had to go to work. The complainant "got very upset."
During cross-examination, defendant initially testified that he had only spoken to the complainant once on his cell phone, but then admitted that he had had conversations with her on his Facebook account after July 30, 2014. Defendant also testified that he did not have the day off from work on July 30, 2014. However, shortly thereafter, he testified that he did have the day off from work.
The jury found defendant not guilty of forcible touching and guilty of sexual abuse in the third degree. The court immediately sentenced defendant to a term of 90 days of imprisonment and imposed a fine of $500, a mandatory surcharge of $205 and a $50 DNA fee.
On appeal, defendant contends that the original charge of forcible touching should have been dismissed on the ground of facial insufficiency, that the prosecutor's opening statement did not comply with the requirements of CPL 260.30, and that the evidence was insufficient to support defendant's conviction beyond a reasonable doubt.
As defendant was found not guilty of forcible touching, any error relating to that charge cannot serve as a basis for appeal (see People v Cutting, 150 AD3d 873 [2017]; People v Franqueira, 143 AD3d 1164, 1169 [2016]; People v Lewis, 125 AD2d 918, 919 [1986]).
To comply with CPL 260.30 (3), which requires the People to "deliver an opening address to the jury," a prosecutor "should set forth the nature of the charge[s] against the accused and state briefly the facts [the People] expect[] to prove, along with the evidence [the People] [*3]plan[] to introduce in support of the same" (People v Kurtz, 51 NY2d 380, 384 [1980]; People v Baltes, 75 AD3d 656, 660 [2010]). "Although the prosecutor is not required to reveal all the evidence he or she intends to offer at trial, the jury should hear sufficient evidence to intelligently understand the nature of the case they have been chosen to decide' " (People v Brown, 158 AD2d 461, 462 [1990], quoting People v Kurtz, 51 NY2d at 384; see People v Baltes, 75 AD3d at 660). Here, although the prosecutor did not tell the jury during her opening statement that she intended to prove that defendant touched the complainant's breast, her opening statement was adequate. The jury was aware of the crimes the prosecutor was going to attempt to prove, that the case involved sexual contact, and that the complainant would testify as to exactly what defendant did to her. The prosecutor "reviewed the charges" and "briefly discussed the evidence which she intended to produce in order to prove the charged crimes" (People v Brown, 158 AD2d at 462). Thus, the prosecutor "adequately described in [her] opening statement what the People intended to prove, and properly prepared the jury to resolve the factual issues at the trial" (People v Bonds, 128 AD3d 1083, 1084 [2015]).
Defendant's legal sufficiency claim is unpreserved for appellate review, as, at the close of the People's evidence, his counsel made a general motion for a trial order of dismissal (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Gray, 86 NY2d 10, 19 [1995]), and, in any event, his counsel did not renew his motion to dismiss at the close of all of the evidence (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Nowlan, 130 AD3d 1146, 1146-1147 [2015]; People v Ganz, 50 Misc 3d 79, 83 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
Were we to review defendant's legal sufficiency claim in the interest of justice, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we would find that it was legally sufficient to establish defendant's guilt of sexual abuse in the third degree (Penal Law § 130.55) beyond a reasonable doubt.
In conducting an independent review of the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]), this court accords great deference to the jury's opportunity to view the witnesses, hear their testimony, and observe their demeanor. This court must determine, based on the credible evidence, whether a different result would have been unreasonable (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Accordingly, the judgment of conviction is affirmed.
BRANDS, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 14, 2017